■ CARMELO SIRAGUSA, Respondent, v. MARY SIRAGUSA, Appellant.— In an action for separation, the appeal is by the defendant wife, as limited by her brief, from so much of an order of the Supreme Court, Kings County, dated March 11, 1968, as awarded custody of the infant son of the parties to plaintiff and awarded defendant $30 a week for support of herself and the infant daughter of the parties. Order affirmed insofar as appealed from, without costs. In our opinion, the Special Term did not abuse its discretion in continuing temporary custody of the infant son in plaintiff and in fixing the amount for support of plaintiff and the infant daughter at the rate previously fixed by the support order of the Family Court. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.

■ HENRY C. SKRINE et al., Respondents, v. LAWRENCE STAIMAN, Appellant.— Judgment of the Supreme Court, Kings County, entered January 11, 1968 after a nonjury trial, modified, on the law and facts, by reducing the principal award of damages from $7,700 to $4,000, with appropriate reduction of the interest award and the amount of the total award. As so modified, judgment affirmed, without costs. The action is by purchasers of a three-family dwelling to recover damages for fraud and deceit of the seller. The latter specifically represented in the contract of sale that the basement apartment was not subject to rent control and that this representation was to survive delivery of the deed. The complaint alleges that the representation was false and was relied upon by plaintiffs to their detriment. It has been urged that *scienter*, a necessary element of fraud (*Ocks* v. *Woods*, 221 N. Y. 335; *Reno* v. *Bull*, 226 N. Y. 546), was not proved. We agree with the learned Trial Justice that all the elements of fraud were proved. The sense of *scienter* includes a "reckless indifference to error", a "pretense of exact knowledge" (*Smith* v. *Hedges*, 223 N. Y. 176, 184) and the assertion of a false material fact "susceptible of accurate knowledge", but stated to be true on the personal knowledge of the representer (*Kountze* v. *Kennedy*, 147 N. Y. 124, 130; see *Hadcock* v. *Osmer*, 153 N. Y. 604; *Ultramares Corp.* v. *Touche*, 255 N. Y. 170). Further, the action was timely (CPLR 213, subd. 9). We disagree, however, with the damage award. The learned Trial Justice did not indicate the theory upon which damages were computed. In fraud actions, indemnification and not profit is the key to the damage award (*Reno* v. *Bull*, 226 N. Y. 546, *supra*). "'The difference between the market value of the premises if they had been as represented and their actual market value'" is the true measure of damages (see *Saklaris* v. *Evangelista*, 21 Misc 2d 781, 783; *Stillman* v. *Garmaize Realty Corp.*, 123 N. Y. S. 2d 24). Based on the uncontradicted testimony of plaintiffs' real estate expert, we find that the damage award should not exceed $5,000. In addition, we credit defendant with $1,000 due to the fact that since 1960 plaintiffs have been receiving rentals from the property just as though the representation as made in the contract was true. There was no $15 per month diminution of rental during that period and no proof was adduced that any repayments have been made. Beldock, P. J., Christ, Brennan, Hopkins and Benjamin, JJ., concur.