■ STEVE DEPINTO, Appellant-Respondent, v ROSENTHAL & CURRY et al., Respondents-Appellants. [655 NYS2d 102] —In an action, inter alia, to recover damages for legal malpractice, (1) the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Brien, J.), entered December 28, 1995, which, after a jury verdict in his favor and against the defendants in the principal sum of $400,000, granted that branch of the defendants' motion which was to set aside the verdict on the issue of damages unless the plaintiff stipulated to decrease the verdict as to damages from the principal sum of $400,000 to the principal sum of $29,000, and (2) the defendants cross appeal, as limited by their brief, from so much of the same order as directed a decrease in damages to only the principal sum of $29,000 and purportedly denied that branch of their motion which was to set aside the verdict on the issue of liability.

Ordered that the branch of the cross appeal which is from so much of the order as purportedly denied that branch of the defendants' motion which was to set aside the verdict on the issue of liability is dismissed, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court providently exercised its discretion in setting aside the jury verdict on the issue of damages (see, CPLR 4404 [a]; see also, Nicastro v Park, 113 AD2d 129). In a legal malpractice action, the damages resulting from an attorney's negligence must be " 'actual and ascertainable' " (Zarin v Reid & Priest, 184 AD2d 385, 387-388; see also, Zeitlin v Greenberg, Margolis, Ziegler, Schwartz, Dratch, Fishman, Franzblau & Falkin, 209 AD2d 510). In actions dealing with injury to property or property rights, damage "is measured by the difference between what such property is worth and what it should have been worth but for the attorney's negligence" (2 Mallen & Smith, Legal Malpractice, Damages, § 19.4, at 603 [4th ed]; see also, Skrine v Staiman, 30 AD2d 707). In addition, litigation expenses incurred in an attempt to avoid, minimize, or reduce the damage caused by the attorney's wrongful conduct can be charged to the attorney (see, Den Norske Amer-

*iekalinje Actiesselskabet v Sun Print. & Publ. Assn.,* 226 NY 1; 2 Mallen & Smith, Legal Malpractice, Damages, §§ 19.9, 19.10 [4th ed]).

In the instant case, the court properly determined that the verdict as to damages in the principal sum of $400,000 was not supported by the evidence and that the plaintiff's actual damages were $29,000. Therefore, the court correctly set aside the verdict as to damages and ordered a new trial unless the plaintiff stipulated to damages in the principal sum of $29,000. '

The arguments advanced by the defendants on their cross appeal with respect to the court's purported denial of that branch of their motion which was to set aside the verdict on the issue of liability are not properly before this Court *(see,* CPLR 5511, 5701). The order appealed from did not address that branch of the defendants' motion which was to set aside the verdict on the issue of liability, and therefore they are not aggrieved by the order in that respect. Thus, their arguments in this regard have not been addressed *(see, Katz v Katz,* 68 AD2d 536, 542-543). Rosenblatt, J. P., O'Brien, Copertino and Goldstein, JJ., concur.