■ JOYCE S. CHAMBERS, Respondent, v DANIEL E. CHAMBERS, Appellant. [686 NYS2d 199] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Rogers, J.), ordering, *inter alia*, equitable distribution of the parties' marital property, entered September 30, 1997 in St. Lawrence County, upon a decision of the court.

The relevant facts are as follows. The parties were married in 1959. Plaintiff commenced a divorce action in June 1991 on the ground of cruel and inhuman treatment. The children of the marriage are emancipated. Plaintiff is a typist in a school district earning $18,936 yearly and defendant is an equipment operator with an annual income of $51,178, which includes overtime. Plaintiff is a tier III member of the New York State Retirement System and defendant is a tier I member. Plaintiff was 57 years old at the commencement of the proceedings and defendant was 61 years old. The parties stipulated to the facts underlying the divorce and a trial was held as to the distribution of the parties' marital property with each party receiving one half of the marital assets.

Defendant takes exception to certain aspects of the decision as to the distribution of certain assets and the award of maintenance of $250 per week payable to plaintiff until defendant retires and begins drawing a pension in which plaintiff would share until such time as plaintiff remarries or dies. Defendant urges that Supreme Court erred in ordering each of the parties to elect option 2 of their pensions, which provides that "[if] your beneficiary survives you, your total monthly allowance would be paid to your beneficiary for the rest of his/her life". Defendant urges that the option reduces his pension to 81% of his maximum possible allowance, or 19% less received by him during his life, thereby penalizing him by awarding plaintiff more than she is entitled to under equitable distribution principles enunciated in *Majauskas v Majauskas* (61 NY2d 481). Defendant's argument has merit.

We initially find that while Supreme Court ordered that the rights of the parties to their respective pensions shall be determined in accordance with the *Majauskas* formula, Supreme Court erred in failing to first address the proportionate share each party is entitled to in the other's pension (*see, Parks v Parks*, 159 AD2d 841, 842). In addition, in directing that option 2 be selected, we find that such option requires defendant to provide plaintiff with a significantly higher monthly

benefit after his death than plaintiff would receive during his life and greater than the formula in *Majauskas* would call for. We note that under option 3 of the Retirement System, the survivor receives one half of the owner's benefits. This would facially appear to be more in keeping with the *Majauskas* formula. As such, Supreme Court must make a preliminary judgment as to the appropriate percentage of future pension payments attributable to a party's employment from the date of the marriage to the commencement of the divorce action and then apply the other party's equitable share thereto. The issue thus must be remitted for determination of each party's share of the other's pension and a consideration of option 3 as an alternative possibility.

Defendant next contends that Supreme Court erred in not deducting the relative value of plaintiff's pension from the value of defendant's pension and then distributing the remaining percentage. Supreme Court, in denying such requests, held that the pensions should be distributed pursuant to *Majauskas* formula because taking the present value of plaintiff's pension into account and decreasing her portion of defendant's pension by 8%, as urged by defendant, has no relationship to the parties' needs nor does it take into account that the pensions are marital assets. We concur. There being no present ability to pay for the equitable portion of the pension plan, the court appropriately concluded that a deferred distribution is appropriate (*see, Buzzeo v Buzzeo*, 141 AD2d 490, 492).

Defendant also contends that Supreme Court erred by failing to credit him with the carrying costs of the marital property, i.e., the marital home and a family cottage. We note that neither party was given credit for the carrying charges of the properties they occupied. In denying each party such credits, neither party was treated unfairly as to their residences. As to the cottage, we will not disturb Supreme Court's finding that plaintiff was denied access thereto and defendant, having enjoyed exclusive possession, should not receive credit for said charges.

Defendant next challenges the equal distribution of liquid funds as marital property contending that he should be credited for money representing gifts, inheritance and compensation as his separate property. Defendant concedes that the amounts sought by him were placed in a joint account and then later placed in certificates of deposit or other accounts in his own name. In such instance, a party will not be credited for separate property if he fails to establish by clear and convincing evidence that the account was created only as a matter of conve-

nience (*see, Ciaffone v Ciaffone*, 228 AD2d 949, 951). Defendant failed in his proof on this score. Supreme Court properly determined these moneys to be marital property subject to equitable distribution (*see, Judson v Judson*, 255 AD2d 656, 657-658).

We reject defendant's challenge to the award of $250 a week maintenance and back maintenance retroactive to the date of the commencement of the action. The discrepancies in the parties' income, the length of the marriage and other relevant factors totally justify the award.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as established the parties' rights with respect to their pensions; matter remitted to the Supreme Court for determination of the percentage of future pension payments attributable to the parties' employment during the period from the date of the marriage to the commencement of the divorce action and for a determination of each parties' equitable share of said pensions; and, as so modified, affirmed.