█ MARION J. ROSENKRANSE, Respondent, v HOBART ROSENKRANSE, Appellant. [736 NYS2d 453] —Spain, J. Appeal from a judgment of the Supreme Court (Bradley, J.) ordering, inter alia, equitable distribution of the parties' marital property, entered July 26, 2000 in Ulster County, upon a decision of the court.

The parties to this action were married for approximately 42 years when plaintiff commenced this action for divorce in September 1999. At the time of trial, plaintiff was 64 years old and defendant was 63 years old and their two children were emancipated. After a bench trial, judgment was entered granting plaintiff a divorce and ordering the equitable distribution of marital property, and spousal maintenance was awarded to plaintiff. Defendant appeals, claiming that Supreme Court improperly included certain joint brokerage accounts in the distribution of marital property, that plaintiff's distributive award should be reduced to account for her willful dissipation of marital assets after the commencement of the action, and that the measure and duration of spousal maintenance is inappropriate. Finding none of defendant's claims to be meritorious, we affirm.

Initially, it is well settled that the statutory factors enumerated in Domestic Relations Law § 236 (B) (5) (d) should be considered in a court's equitable distribution of marital property (*see, Butler v Butler,* 256 AD2d 1041, 1042, *lv denied* 93 NY2d 805; *Avramis v Avramis,* 245 AD2d 585, 586; *Vail-Beserini v Beserini,* 237 AD2d 658, 660), although they do not have to be specifically cited when the factual findings of the court otherwise adequately articulate that the relevant statutory factors were considered (*see, Fraley v Fraley,* 235 AD2d 997, 997-998; *Sperling v Sperling,* 165 AD2d 338, 343-344). Although not specific as to each factor, Supreme Court's findings of fact reveal that the court was well aware of the statutory factors and the legislative purposes behind the statute. The court made reference to the factors it considered relevant and stated the reasons for its decision (*see, Fraley v Fraley, supra,* at 997-998; *Chasin v Chasin,* 182 AD2d 862, 864).

We next reject defendant's contention that the distributive award fashioned by Supreme Court should be recalculated because it unjustly awarded plaintiff a portion of defendant's separate property. Upon his father's death in 1992, defendant inherited approximately $100,000 in assets—held in brokerage accounts—which he immediately rolled over into investment accounts in the names of both plaintiff and defendant. While an inheritance acquired by one spouse during a marriage and retained separately from marital funds would be considered separate property (*see, Allen v Allen,* 263 AD2d 691, 692), the transfer of these assets into a joint account raises a presumption that the funds are marital property to be disbursed among the parties according to the principles of equitable distribution (*see, Diener v Diener,* 281 AD2d 385, 386; *Chambers v Chambers,* 259 AD2d 807; *Gundlach v Gundlach,* 223 AD2d 942, 942, *lv denied* 88 NY2d 802). "This presumption cast[s] the burden on defendant to establish, by clear and convincing proof, that the joint account was created only as a matter of convenience * * *" (*Gundlach v Gundlach, supra* [citations omitted]). Defendant conceded at trial that he admitted during a pretrial deposition that he placed his wife's name on the accounts with the express purpose of making those funds available to her, for her convenience, not his. Thus, Supreme Court properly held that defendant failed to rebut the presumption and we find no reason to disturb the court's determinations regarding the distribution of assets.

Further, we find no merit in defendant's argument that plaintiff's distributive award should be reduced to account for plaintiff's willful dissipation of marital assets after the com-

mencement of the divorce action. The record shows that, in 1991, eight years prior to the commencement of this action, plaintiff withdrew approximately $50,000 from marital funds and, around 1993, she put the money into a fund in her name and that of one of parties' two sons. Plaintiff did not use any of this money until after commencement of this action in 1999, when she gifted $10,000 to each of the sons and used a small portion to support herself in the absence of her husband. At the time of trial, over $30,000 remained in the fund. While defendant claimed that plaintiff "stole" that money from him in 1991, plaintiff claimed that defendant not only knew about the transfer, but asked her to move the money into an account bearing her name and that of their sons. This dispute in testimony raised a credibility issue for Supreme Court to resolve (see, Butler v Butler, 256 AD2d 1041, 1044, supra; Vail-Beserini v Beserini, 237 AD2d 658, 661, supra) and, considering that defendant was found to have perjured himself at trial, it is not surprising that the court credited plaintiff's testimony over that of defendant.

Finally, defendant argues that the award of spousal maintenance in the amount of $200 per week for two years was an abuse of discretion. We disagree. When considering whether to grant a maintenance award, trial courts must "consider the payee spouse's reasonable needs and predivorce standard of living in the context of the other enumerated statutory factors, and then, in their discretion, fashion a fair and equitable maintenance award accordingly" (Hartog v Hartog, 85 NY2d 36, 52; see, Domestic Relations Law § 236 [B] [6] [a]). Here, Supreme Court clearly stated that its award was based upon "the length of marriage and fact that the 62-year-old payee spouse is incapable of becoming self-supporting at a level roughly commensurate with the pre-abandonment standard of living." We find no support for the claim that Supreme Court abused its discretion in fashioning this maintenance award (see, Szemansco v Szemansco, 285 AD2d 851).

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.