■ LAIN G. KAY, Respondent, v JON A. KAY, Appellant. [754 NYS2d 766] —Peters, J. Appeal from that part of a judgment of the Supreme Court (Demarest, J.), ordering maintenance and adjudging certain securities to be marital property, entered August 10, 2001 in St. Lawrence County, upon a decision of the court.

The parties, both in their late 50s, were married in 1969 and have two emancipated children. During the majority of their marriage, defendant was a family physician in the Town of Canton, St. Lawrence County. Financial records submitted in connection therewith indicated that he earned in 1997, $124,431, in 1998, $139,854, and in 1999, $72,512. Defendant planned on retiring at approximately 63 years of age. Plaintiff earned a Bachelor's degree in Animal Science prior to the marriage and thereafter worked as a medical coder, a cashier, and both a kennel cleaner and surgery assistant at a veterinary clinic. In Canton, plaintiff managed the 188-acre family farm where they kept numerous horses, managed their household finances, and worked in defendant's medical practice from 1984 through 1996. It appears undisputed that they lived a modest life-style, focusing extensively on their equestrian hobby.

Defendant vacated the marital residence in 1997. In 1999, plaintiff sold the family farm, completed her Associate's degree in veterinary technology and moved to Montana. Although plaintiff contended that she made every effort to obtain employment in her field, she believed that her age, combined with the loss of a finger on her left hand, hampered her search. She finally accepted work as an aide in an elementary school at the salary of $7 per hour.

This action for divorce was commenced in 1997. By the time of the hearing in November 2000, the only remaining issues were the division of moneys held in a joint account, certain stock holdings and the appropriate amount and duration of maintenance. After awarding plaintiff a judgment of divorce, Supreme Court found that she was entitled to maintenance in the amount of $4,500 per month until the age of 65 and $2,500 per month thereafter until the death of either party or plaintiff's remarriage. It also determined that a SolomonSmith-Barney investment account, which defendant contended was his separate property, was marital property subject to an equal distribution. Although the court distributed additional assets, defendant appeals only from that part of the judgment which awarded maintenance and the equitable distribution of the SolomonSmithBarney account.

Generally, " 'the amount and duration of maintenance are matters committed to the sound discretion of the trial court' " (*Lombardo v Lombardo*, 255 AD2d 653, 654, quoting *Boughton v Boughton*, 239 AD2d 935, 935). In reaching that determination, numerous factors set forth in Domestic Relations Law § 236 (B) (6) (a), which include the predivorce standard of living (*see Summer v Summer*, 85 NY2d 1014, 1016; *Spencer v Spencer*, 298 AD2d 680, 682; *Lombardo v Lombardo, supra* at 654-655), must be considered. Based upon these factors and the articulation of the reasons underlying the determination rendered, we find that both the amount and duration of maintenance will remain undisturbed.

Given plaintiff's age and the wide disparity in the parties' education and present incomes, we cannot find the award of nondurational maintenance to be an abuse of discretion. It is unlikely that plaintiff will become self-supporting in the lifestyle to which she had been accustomed during the course of their 28-year marriage (*see Hartog v Hartog*, 85 NY2d 36, 51-52; *Roffey v Roffey*, 217 AD2d 864, 867; *Vicinanzo v Vicinanzo*, 193 AD2d 962, 966) and, despite defendant's protestations to the contrary, the fact that plaintiff will receive assets by way of equitable distribution will not bar this type of award (*see generally Lombardo v Lombardo, supra*). Nor do we find error in the obligation to pay a reduced award after plaintiff attains the age of 65 in light of the assets that defendant will have to draw upon; he will be receiving an annual payment of $57,000 yearly until 2011 from his father's estate and was awarded significant separate property received from his family by way of gift or inheritance. Recognizing that plaintiff may have forgone retirement investments on her own in the expectation that the numerous inheritances from defendant's family would insure her financial security, we can find no abuse of discretion in the award rendered.

As to the amount, considering the 28.6-year length of the parties' marriage (*see Lombardo v Lombardo, supra* at 655; *Roffey v Roffey, supra* at 864), her significant contribution in the development of defendant's career, her contributions as a parent, spouse and homemaker, along with his income as physician, his separate financial resources (*see Lombardo v Lombardo, supra* at 653), his ability to deduct these payments on his taxes and their predivorce standard of living, we can find no error (*see* Domestic Relations Law § 236 [B] [6]). Nor do we find an abuse of Supreme Court's discretion in its rejection of expert testimony to support an imputation of income to plaintiff.

Next considering the SolomonSmithBarney investment account, the record reflects that defendant received stock, in installments, from a trust established by his grandmother in 1959. Originally, they were kept in his name alone in a safe deposit box. However, in 1992, defendant placed the majority of these stocks into a joint SolomonSmithBarney account which he had opened with plaintiff in 1985. While defendant testified that his sole purpose of transfer was to consolidate the stock and ease a transfer of stock to their sons for educational purposes, such transfer never occurred due to strong opposition from plaintiff. Dividend checks from such account, issued in both their names, were deposited by plaintiff into the parties' joint checking account to pay general household expenses. Chris Theodore, a financial consultant for SolomonSmithBarney, testified that although the account would have been set up differently if defendant desired to make a gift to plaintiff, its current designation nonetheless renders both of them owners of the account with rights of survivorship. While lacking recollection of plaintiff directing the management of the account, Theodore confirmed that she had authority to give orders and execute trades.

Generally, property acquired before the marriage or during the marriage by gift or inheritance will be separate property (*see* Domestic Relations Law § 236 [B] [1] [d]; *Rosenkranse v Rosenkranse*, 290 AD2d 685, 686). However, when such property is transferred into a joint account bearing the name of both parties, a presumption will arise that the funds in that account are marital property (*see* Banking Law § 675 [b]; *Rosenkranse v Rosenkranse, supra* at 686; *Gundlach v Gundlach*, 223 AD2d 942, 942, *lv denied* 88 NY2d 802). To overcome this presumption, defendant had to establish, by clear and convincing proof, that a joint account was established solely for the purpose of convenience (*see Rosenkranse v Rosenkranse, supra* at 686; *Gundlach v Gundlach, supra* at 942). While we acknowledge, as had Supreme Court, that the vast majority of the funds in this account came from defendant's family and that plaintiff never withdrew from or deposited funds into this account, the dividends emanating therefrom were continuously placed in the parties' joint checking account. Moreover, there was an American Express card issued on that account that either party could use (*cf. Pinasco v Del Pilar Ara*, 219 AD2d 540, 541). Finally, while plaintiff did not actively manage this account, she apparently exerted sufficient control to preclude defendant from transferring stock to the parties' children. Accordingly, by the evidence here presented, we find no abuse of discretion in the determination that this account was marital property (*see Chambers v Chambers*, 259 AD2d 807, 808).

Having reviewed and rejected defendant's remaining contentions as being without merit, we decline to address the challenge by plaintiff as a nonappealing party seeking a resolution of an issue that is unnecessary " 'to accord full relief to a party who has appealed' " (*Buchta v Union-Endicott Cent. School Dist.*, 296 AD2d 688, 689, quoting *Hecht v City of New York*, 60 NY2d 57, 60).

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.