■ GROVER D. GARNER, Respondent, v IRENE F. GARNER, Appellant. [761 NYS2d 414] —Kane, J. Appeal from a judgment of the Supreme Court (Hughes, J.H.O.), ordering, inter alia, equitable distribution of the parties' marital property, entered

March 20, 2002 in Schoharie County, upon a decision of the court.

The parties were married in 1965. In 1988, plaintiff was involved in an accidental fall which caused severe personal injuries. The parties commenced a personal injury action, resulting in a judgment which netted plaintiff slightly over $252,000* and defendant $27,672.95 on her derivative claim. Plaintiff's check, received in June 1992, was deposited in a joint checking account for a few months, then $250,000 was placed in a jointly owned First Albany investment account. Defendant's derivative award was maintained by her in a separate account. In July 1993, defendant moved from the marital residence and never returned. Plaintiff filed for divorce and defendant counterclaimed. After trial, Supreme Court granted plaintiff a divorce. The judgment, as relevant here, determined that the money from plaintiff's personal injury judgment was marital property, distributed the First Albany investment account 100% to plaintiff, determined that defendant's $27,672.95 from her derivative claim was separate property, and did not award defendant maintenance. Defendant appeals.

The determination to award maintenance and the proper amount of such award are committed to the trial court's sound discretion (see Gaglio v Molnar-Gaglio, 300 AD2d 934, 939 [2002]; Myers v Myers, 255 AD2d 711, 716 [1998]). In making this determination, the court must consider certain statutory factors (see Domestic Relations Law § 236 [B] [6] [a]; Myers v Myers, supra at 716-717). While marital fault does not preclude an award of maintenance, it may be considered in the determination (see Myers v Myers, supra at 716-717; Zurner v Zurner, 213 AD2d 906, 908 [1995], lv denied 87 NY2d 802 [1995]). Although the marital standard of living is generally considered as a factor (see Shortis v Shortis, 274 AD2d 880, 882 [2000]), it is not appropriate here as the parties had not lived together for five years at the time the divorce action was commenced and for over eight years at the time of trial. The parties were each employed, have no minor children, defendant expected to receive her Master's degree in teaching within months after the trial, the distributive awards provided defendant with a portion of plaintiff's pension and an outright award of almost

---

* While Supreme Court's decision states that plaintiff received $237,752.23 after disbursements and counsel fees, the record does not substantiate that figure. The bill for services rendered by the parties' personal injury attorney, which was admitted as a trial exhibit, indicates that after subtracting disbursements, a lien, counsel fees for the trial and appeal, and defendant's $27,672.95 award, plaintiff received $252,111.83.

$40,000, defendant's income exceeded her expenses, and the man with whom she had been living since shortly after she abandoned plaintiff earned $60,000 annually. Considering these facts, Supreme Court did not err in declining to award defendant maintenance.

Defendant contends that Supreme Court should have awarded her a portion of the investment account funded with plaintiff's personal injury award. Compensation awards for personal injuries are separate property (*see Fleitz v Fleitz*, 200 AD2d 874, 875 [1994], *lvs dismissed* 84 NY2d 849 [1994], 85 NY2d 889 [1995]), but a presumption arises that those funds are marital property when they are transferred into a joint account bearing both parties' names (*see Kay v Kay*, 302 AD2d 711, 713 [2003]). After receipt of plaintiff's damages award, the funds were deposited in the parties' joint checking account. Within a few months, the funds were withdrawn by defendant and deposited in a jointly owned investment account. A single withdrawal from the investment account was made jointly by the parties. Under these circumstances, plaintiff's uncorroborated claim that he placed both names on the investment account for defendant's convenience was insufficient to meet his burden to overcome the presumption created by the joint deposits (*see* Banking Law § 675 [b]; *Kay v Kay, supra* at 713; *Gundlach v Gundlach*, 223 AD2d 942, 942 [1996], *lv denied* 88 NY2d 802 [1996]). Supreme Court properly determined that these funds were marital property.

The investment account, as marital property, must be "distributed equitably between the parties, considering the circumstances of the case and of the respective parties" (Domestic Relations Law § 236 [B] [5] [c]). Given the seriousness of plaintiff's injuries, the continued impairment of his physical condition, his daily pain, the funding of the account by plaintiff's separate property and the distribution of defendant's derivative damages award to her as separate property, we find that awarding plaintiff the entire First Albany investment account was not an abuse of discretion.

Mercure, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.