■ ROBIN ARNOLD, Appellant, v STEPHEN ARNOLD, Respondent. [765 NYS2d 686] —Crew III, J.P. Appeal from a judgment of the Supreme Court (Dowd, J.), entered June 28, 2002 in Otsego County, ordering, inter alia, equitable distribution of the parties' marital property, upon a decision of the court.

The parties were married in 1977 and, during the course of the marriage, plaintiff and her sister inherited approximately 100 acres of land, together with the buildings and improvements thereon, in Pennsylvania. Except for a small parcel retained by plaintiff's sister, plaintiff and her sister thereafter conveyed the inherited lands to plaintiff and defendant, which the parties then sold over the years, using the proceeds to, inter alia, purchase the marital residence in Otsego County.

In January 2000, plaintiff commenced this action for divorce upon the ground of cruel and inhuman treatment. Defendant

withdrew his answer at trial, and Supreme Court proceeded to receive proof as to the parties' marital assets and the equitable distribution thereof. Insofar as is relevant to this appeal, Supreme Court directed that the marital residence be sold with the proceeds to be divided equally between the parties subject to a credit to plaintiff for her separate contribution to the acquisition of that asset ($45,000) and a credit to defendant for his postcommencement reduction in the mortgage principal ($10,000). Supreme Court also awarded plaintiff permanent maintenance in the amount of $450 per week and one half of defendant's 401k. Plaintiff now appeals, contending that the maintenance award is inadequate and, further, that she is entitled to a greater share of the proceeds from the sale of the marital residence.

The cornerstone of plaintiff's argument that she is entitled to a greater share of the proceeds from the sale of the marital residence is her mistaken belief that 75% of the funds used to purchase that residence constituted her separate property (50% of the estate inherited from her mother plus 25% of her sister's share of such estate). To be sure, the property inherited by plaintiff was, initially, her separate property (*see Kay v Kay,* 302 AD2d 711, 713 [2003]). However, as evidenced by the deed contained in the record on appeal, plaintiff and her sister thereafter conveyed the bulk of the inherited lands to plaintiff and defendant as tenants by the entirety and, in so doing, plaintiff changed the character of the property from separate to marital (*see Lynch v King,* 284 AD2d 309, 310 [2001]; *cf. Sherman v Sherman,* 304 AD2d 744 [2003]). Additionally, defendant testified as to the various improvements that he, or contractors he hired, made to the acquired parcels over the years which, as noted previously, the parties subsequently sold in order to, inter alia, acquire the marital residence. Hence, while plaintiff indeed is entitled to a $45,000 credit for her separate contribution to this effort, Supreme Court correctly concluded that she is not entitled to a greater than 50% share of the proceeds from the sale of the marital residence, as the funds used to purchase that residence were derived from the sale of other marital property.

Nor are we persuaded that plaintiff is entitled to maintenance in excess of the $450 per week awarded by Supreme Court. Even a cursory review of Supreme Court's amended decision and resulting judgment reveals that the court plainly considered the factors set forth in Domestic Relations Law § 236 (B) (6) (a), including the parties' predivorce standard of living and the fact that plaintiff now suffers from a disability

that effectively precludes her from returning to the workforce, and, in our view, struck an appropriate balance between plaintiff's need for permanent maintenance and defendant's continuing obligations with regard to the parties' children. In short, we perceive no abuse of discretion in the sum awarded by Supreme Court—particularly when such award is viewed in the context of the distributive award, various credits and disability payments also received by plaintiff.

We do, however, find merit to plaintiff's contention that Supreme Court erred in crediting defendant with the full amount of the $10,000 reduction in mortgage principal on the marital residence following the commencement of this action. Although Supreme Court is vested with broad discretion in determining issues of equitable distribution, we believe a more appropriate exercise of that discretion would result in defendant receiving a credit for only one half of the amount by which the mortgage principal was reduced following the commencement of this action (see Walters v Walters, 252 AD2d 775, 776 [1998]; Welch v Welch, 233 AD2d 921 [1996]; Martusewicz v Martusewicz, 217 AD2d 926, 928 [1995], lv denied 88 NY2d 801 [1996]). Accordingly, the judgment of divorce is modified to reflect the reduced credit to defendant in this regard. Plaintiff's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted defendant a $10,000 credit for the reduction in mortgage principal made following the commencement of this action; said credit reduced to $5,000; and, as so modified, affirmed.