■ ROBERT A. FEHRING, Appellant, v DIANE FEHRING, Respondent. [874 NYS2d 266]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (O'Connor, J.), entered February 22, 2008 in Ulster County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.

The parties, who married in 1990, settled most of the issues from their divorce, and the remaining disputed issues were decided by Supreme Court following a brief trial. Two arguments advanced by plaintiff remain: whether he is entitled to a $50,000 separate property credit for an insurance payment that he received and whether the date of commencement of the action should have been used in valuing a brokerage account. Plaintiff received a $50,000 payment in August 2005 after having surgery for a condition covered by a previously purchased "specified disease coverage" insurance policy. He deposited the insurance check in a brokerage account that was held and used jointly by the parties. In January 2006, plaintiff used $50,000 from that account to purchase (with another individual) real property on River Road in the Town of Esopus, Ulster County. Supreme Court determined that the proceeds from plaintiff's half interest in the River Road property—which was in the process of being sold—would be divided equally between the parties. The court further determined that a First Investors account, which was valued at about $38,800 when the divorce action was commenced in December 2006 and $26,000 at the time of trial in June 2007 (with defendant making all withdrawals during such time), should be valued as of the trial date and split equally. Plaintiff appeals.

Transferring assets that were separate property "into a joint account raises a presumption that the funds are marital property to be disbursed among the parties according to the principles of equitable distribution" (*Rosenkranse v Rosenkranse*, 290 AD2d 685, 686 [2002]). Nevertheless, this presumption may be rebutted by proof that such deposits were made "as a matter of convenience, without the intention of creating a beneficial interest" (*Chamberlain v Chamberlain*, 24 AD3d 589, 593 [2005]; *see Dugue v Dugue*, 172 AD2d 974, 976 [1991]; *compare Bonanno v Bonanno*, 57 AD3d 1260 [2008]). The fact that the deposit is not made into a traditional banking account, but instead into a joint brokerage or investment account, does not, as urged by plaintiff, change the application of this well-established principle (*see generally Schwalb v Schwalb*, 50 AD3d 1206, 1209 [2008]; *Garner v Garner*, 307 AD2d 510, 512 [2003], *lv denied* 100 NY2d 516 [2003]; *Kay v Kay*, 302 AD2d 711, 713 [2003]; *Rosenkranse v Rosenkranse*, 290 AD2d at 686). Here, there was evidence that the account was used by both parties. After the subject deposit and before the withdrawal to purchase the real property, there was proof that further deposits were made into the account by the parties and withdrawals were made for payments toward items such as credit card bills. Given this commingling, plaintiff failed to rebut the presumption and Supreme Court properly treated the funds as marital property.

Further, we are unpersuaded that Supreme Court abused its discretion in distributing equally the value of the interest in real property purchased with the funds from the joint account rather than, as urged by plaintiff, awarding him substantially more of the value. Supreme Court's award was equitable in light of the overall distribution of marital property reflected in the record, including, among other things, the fact that the division of other marital real property resulted in plaintiff receiving property valued about $20,000 more than defendant (*see generally Altieri v Altieri*, 35 AD3d 1093, 1094 [2006]; *Hall v Hall*, 22 AD3d 979, 981 [2005]).

Plaintiff contends that the First Investors account should have been valued at the date of commencement and not the date of trial. "Although marital property is generally valued at the time the action is commenced, valuation at the time of trial is justified where valuation on the date of the action would be inequitable" (*Butler v Butler*, 256 AD2d 1041, 1043 [1998], *lv denied* 93 NY2d 805 [1999] [citations omitted]). The trial court is accorded discretion and flexibility in making this determination, " 'with due regard for all of the relevant facts and circumstances' " (*Dashnaw v Dashnaw*, 11 AD3d 732, 734 [2004], quoting *McSparron v McSparron*, 87 NY2d 275, 287 [1995]). Supreme Court explained that defendant, who did not earn a salary during the marriage and received no maintenance award, used the funds in the First Investors account between the date of commencement and date of trial to make expenditures for items such as mortgage payments, car payments, maintaining the home, and other household expenses. The court also noted that, during this time, plaintiff was receiving income from the family business while making no payments to defendant. There is no evidence that defendant wastefully dissipated the assets. Under such circumstances, we are unpersuaded that Supreme Court erred in valuing the account as of the time of trial.

Cardona, P.J., Mercure, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.