Cassandra Currie, Appellant, v Stephen McTague, Respondent. [921 NYS2d 364]—

Garry, J. Appeal from a judgment of the Supreme Court (Cahill, J.), entered December 22, 2009 in Ulster County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.

The parties were married in 2003 and resided together in the City of Kingston, Ulster County until 2008. In 2006, defendant's aunt died, leaving her estate to defendant's cousin. The cousin subsequently gave defendant approximately $417,000 from the estate, which defendant deposited in his sole account in April 2007. In December 2007, he transferred the funds into a newly opened account jointly held by plaintiff and defendant. In March 2008, plaintiff told defendant that she wanted a separation and, in April 2008, defendant withdrew approximately $350,000 from the account. He wrote checks to plaintiff for the balance of the account, totaling approximately $60,000, when she moved out of the marital residence in May 2008.

Plaintiff commenced this divorce action requesting, among other things, equitable distribution of the marital property. The parties stipulated to mutual divorces but proceeded to a nonjury trial on the issue of equitable distribution. Thereafter, Supreme Court ordered, among other things, that the funds in the joint account were defendant's separate property. Plaintiff appeals.

Plaintiff contends that although the funds were defendant's separate property at the time of the gift (see Domestic Relations Law § 236 [B] [1] [d] [1]), they were converted into marital property when they were transferred into the joint account (see *Noble v Noble*, 78 AD3d 1386, 1389 [2010]). Such a transfer " 'raises a presumption that the funds are marital property to be disbursed among the parties according to the principles of equitable distribution' " (*Fehring v Fehring*, 58 AD3d 1061, 1062 [2009], quoting *Rosenkranse v Rosenkranse*, 290 AD2d 685, 686 [2002]). As the party seeking to overcome the presumption, defendant bore the burden "to establish, by clear and convincing proof, that [the] joint account was established solely for the purpose of convenience" (*Kay v Kay*, 302 AD2d 711, 713 [2003]) and " 'without the intention of creating a beneficial interest' " (*Fehring v Fehring*, 58 AD3d at 1062, quoting *Chamberlain v Chamberlain*, 24 AD3d 589, 593 [2005]).

The clear and convincing evidence standard requires the party bearing the burden of proof to "adduce evidence that makes it highly probable that what he or she claims is what actually happened" (*Krol v Eckman*, 256 AD2d 945, 947 [1998]; see *Home Ins. Co. of Ind. v Karantonis*, 156 AD2d 844, 845 [1989]; Prince, Richardson on Evidence § 3-205 [Farrell 11th ed]). We find the proof inadequate to satisfy this exacting standard. Defendant testified that he transferred the money into the joint account "that [plaintiff] had access to after she kept telling [him] that she didn't trust [him] and she should have this and she should have that." He further testified that "[i]n case something happened to [him], if [he] w[ere] in a coma, [he] agreed to give access to [his] loving wife" and that he "had no intention of gifting anything" to her. However, he did not testify that he communicated these limitations to plaintiff or to anyone else, nor did he directly contradict plaintiff's testimony that he repeatedly told her that the money belonged to both of them and that the parties agreed to establish the joint account because the funds were their only substantial asset. Although plaintiff admitted that she never accessed the joint account, neither did defendant until after plaintiff announced her intention to seek a separation—and, even then, he did not withdraw all of the funds from the account. His partial withdrawal and payment of the balance of the funds to plaintiff are inconsistent with his claim that she was intended to have access to the money only if he were incapacitated, as was his testimony—corroborated by plaintiff—that he used funds from the joint account to pay certain educational expenses on plaintiff's behalf. In view of these contradictions, as well as the uncorroborated nature of defendant's testimony (see *Garner v Garner*, 307 AD2d

510, 512 [2003], *lv denied* 100 NY2d 516 [2003]), we conclude that defendant did not meet his burden to rebut the presumption that the funds were marital property (*see Fehring v Fehring*, 58 AD3d at 1062; *Kay v Kay*, 302 AD2d at 713; *Rosenkranse v Rosenkranse*, 290 AD2d at 686).

Spain, J.P., Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as classified an account held in both parties' names as defendant's separate property; direct said account to be classified as marital property and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.