█ ROGER A. CAMPFIELD, Respondent, v SHARLENE M. CAMPFIELD, Appellant. [944 NYS2d 339]—

Rose, J.P. Appeal from an order of the Supreme Court (Tait, J.), entered May 9, 2011 in Tioga County, which, among other things, awarded plaintiff a one-half interest in certain real property, upon a decision of the court.

The parties married in 1986 and lived on a 203-acre farm owned and operated by defendant's father. Upon the death of defendant's father, defendant inherited the property, the parties moved into the main residence together and, as executor of the estate, defendant conveyed the property to herself and plaintiff as tenants by the entirety in 2003. After defendant left the mar-

---

ital residence in 2009, plaintiff commenced this action for divorce and Supreme Court held a nonjury trial to identify and distribute the parties' marital assets. Supreme Court concluded, among other things, that the real property should be classified as a marital asset subject to equitable distribution and ordered that it be divided between the parties on an equal basis. Defendant appeals.

Both parties agree that at the time defendant took title to the real property from her father's estate, it was her separate property (see Domestic Relations Law § 236 [B] [1] [d] [1]). Contrary to defendant's contention, however, Supreme Court correctly concluded that her subsequent conveyance of the property to herself and plaintiff as tenants by the entirety created a presumption that the property was marital (see Chiotti v Chiotti, 12 AD3d 995, 996 [2004]; Arnold v Arnold, 309 AD2d 1043, 1044 [2003]; Rosenkranse v Rosenkranse, 290 AD2d 685, 686 [2002]). In order to rebut this presumption, defendant was required to come forward with clear and convincing proof that she did not intend plaintiff to have an ownership interest in the property, but merely placed his name on the deed for the sole purpose of convenience (see Currie v McTague, 83 AD3d 1184, 1185 [2011]; Burtchaell v Burtchaell, 42 AD3d 783, 787 [2007]; Kay v Kay, 302 AD2d 711, 713 [2003]). Defendant's testimony that she placed plaintiff's name on the deed in case something happened to her does not suggest the lack of an intent to give him an interest in the property. Nor did defendant contradict plaintiff's testimony that she told him that the property would provide for their retirement. Based on our review of the record, we agree with Supreme Court that defendant failed to overcome the presumption of marital property (see Currie v McTague, 83 AD3d at 1185; Stahl v Stahl, 80 AD3d 932, 933 [2011]). Further, we cannot agree with defendant's argument that she is entitled to a credit for what she now describes as her contribution of separate property to the acquisition of a marital asset. There was no such acquisition here. Rather, she transmuted her separate property into marital property by virtue of the deed giving an undivided one-half interest to plaintiff (see e.g. Chambers v Chambers, 259 AD2d 807, 808-809 [1999]; Brugge v Brugge, 245 AD2d 1113, 1113 [1997]; compare Milnarik v Milnarik, 23 AD3d 960, 962-963 [2005] [credit for separate property is given where inherited money is used to purchase marital property]).

Defendant's remaining contention, that Supreme Court improperly ordered the parties to negotiate a division of the real property, is without merit as the court merely provided the par-

ties a brief opportunity to voluntarily determine how to divide the property, which consists of several different parcels and has valuable timber and gas rights associated with it.

Spain, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.