10-4661-cv (L)
Fresh Meadow v. RB 175 Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of November, two thousand twelve.

PRESENT: JON O. NEWMAN,
         DENNY CHIN,
                        <u>Circuit Judges</u>.
         STEFAN R. UNDERHILL,
                        <u>District Judge</u>.[*]

- - - - - - - - - - - - - - - - - - - - -x

FRESH MEADOW FOOD SERVICES, LLC,
THOMAS J. CLARKE,
              Plaintiffs-Appellees-
              <u>Cross-Appellants</u>,

                                   10-4661-cv (Lead)
              -v.-                     11-0833-cv (Con)
                                   10-4856-cv (XAP)
RB 175 CORP., RAPHY BENAIM,
TOVIT BENAIM,
              Defendants-Appellants-
              <u>Cross-Appellees</u>.

- - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLEES-     M. WILLIAM SCHERER, Wilk Auslander,
CROSS-APPELLANTS:              LLP, New York, New York.

FOR DEFENDANTS-APPELLANTS-
CROSS-APPELLEES:             PAUL W. SIEGERT, New York, New York.

---

[*]Stefan R. Underhill, United States District Judge for the District of Connecticut, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (Tucker L. Melancon, J.).[**]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 19, 2010 judgment and February 2, 2011 order of the district court are **AFFIRMED in part** and **VACATED in part**, and the case is **REMANDED** for further proceedings.

Plaintiffs-Appellees-Cross-Appellants Fresh Meadow Food Services and Thomas J. Clarke ("Plaintiffs") appeal from the district court's dismissal of Count One (civil RICO) of the Amended Complaint, and Defendants-Appellants-Cross-Appellees RB 175 Corp., Raphy Benaim ("Raphy"), and Tovit Benaim (collectively "Defendants") appeal from the judgment in favor of Plaintiffs on Count Two (New York Navigation Law), Count Three (common law fraud), and Count Four (breach of lease agreement) of the Amended Complaint. We assume the parties' familiarity with the facts, procedural history, and specification of issues for review.

After conducting a bench trial from September 14, 2010 to September 20, 2010, the district court issued its decision from the bench on October 19, 2010. Judgment was entered the same day. On February 2, 2011, the district court issued an order denying Plaintiffs' motion to alter or amend the judgment.

This Court reviews the district court's finding of facts for clear error and its conclusions of law *de novo*. <u>White v. White Rose Food</u>, 237 F.3d 174, 178 (2d Cir. 2001).

---

[**] Tucker L. Melancon, United States Senior District Judge for the Western District of Louisiana, sitting by designation.

-2-

We affirm the dismissal of the civil RICO claim and the entry of judgment in favor of Plaintiffs on their Navigation Law and breach of lease agreement claims, substantially for the reasons set forth by the district court.

As for the fraud claim, the district court made the following findings: (1) the Trinity Affidavit was a forgery; (2) Raphy "made or caused to be made" the Trinity Affidavit; (3) Raphy faxed the Trinity Affidavit to Camin Cargo, Inc. ("Camin");(4) Camin relied on the forged Trinity Affidavit to prepare the Tank Closure Report; and (5) Raphy made inconsistent statements regarding his involvement with underground storage tank removal.

We perceive no error regarding findings one, four and five.  We conclude, however, that the district court clearly erred in finding that Raphy made or caused to be made the Trinity affidavit and that Raphy faxed that affidavit to Camin.  Therefore, we vacate the judgment on the fraud claim, and we remand to the extent set forth below.

Jurisdiction is restored to the district court for the limited purpose of deciding, solely on the basis of the existing trial record and without reliance on the two findings we have set aside, whether Defendants acted with reckless disregard for the truth.  See Merrill Lynch & Co. v. Allegheny Energy, Inc., 500 F.3d 171, 181 (2d Cir. 2007) (to prove fraud under New York law, plaintiff must show "by clear and convincing evidence that defendant knowingly or recklessly misrepresented a material fact, intending to induce plaintiff's reliance, and that the plaintiff relied on the

-3-

misrepresentation and suffered damages as a result") (citations omitted); <u>Skrine v. Staiman</u>, 292 N.Y.S.2d 275, 276 (2d Dep't 1968) (to prove scienter, it is sufficient to show "reckless indifference to error," a "pretense of exact knowledge," or "the assertion of a false material fact 'susceptible of accurate knowledge,' but stated to be true on the personal knowledge of the representer").

The district court did not award separate damages under the Navigation Law claim because it awarded damages for the same remediation costs under the fraud claim.  If, following remand, the district court finds that there is sufficient evidence to sustain a fraud judgment based on reckless misrepresentation, the district court may reinstate the award for the fraud claim.  If, however, the district court finds that the evidence is insufficient to support the fraud claim under a reckless misrepresentation theory, the district court shall dismiss the fraud claim and enter judgment in favor of the plaintiffs on the Navigation Law claim in the amount of $100,000 per the terms of the lease.

In addition, Plaintiffs seek a remand for the district court to award post-judgment interest.  As we are remanding the case in any event, that request is **GRANTED**, although we express no view in the first instance on whether interest should be awarded, or, if so, in what amount.

We have considered the parties' remaining arguments and find them to be without merit.  For the reasons set forth above, the judgment and order of the district court are **AFFIRMED in part** and **VACATED in part**.  The case is **REMANDED** to the district court to: (1)

make a finding regarding the fraud claim in accordance with this order; (2) award $100,000 on the Navigation Law claim if the district court does not find sufficient evidence existing in the record to support the fraud claim; and (3) consider the issue of post-judgment interest.

The district court shall not take actions other than those specified in this order, and jurisdiction may be restored to this Court at the request of either party by a letter to the Clerk sent within ten days after the district court makes the requested finding.  Any appeal following remand will be heard by this panel. The mandate shall issue forthwith.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk