Garry, J.
*1418 Supreme Court awarded the wife title to the marital residence, the remaining balance of the investment account, and the household furnishings and farm equipment. The husband received his checking account, plumbing business and equipment, and a motor boat and trailer. The husband appeals.
We reject the husband’s contention that Supreme Court erred in determining that the settlement funds were marital property. Although the governing statute provides that compensation for personal injury constitutes separate property {see Domestic Relations Law § 236 [B] [1] [d] [2]), here, Supreme Court noted the complete lack of any evidence upon which the funds might have been allocated as between the husband’s personal injury claim and the wife’s consortium claim, and the substantial evidence supporting the legal presumption that the parties wished to treat the proceeds as joint assets of the marriage (see Cameron v Cameron, 22 AD3d 911, 912 [2005]; Garner v Garner, 307 AD2d 510, 512 [2003], lv denied 100 NY2d 516 [2003]). The parties received the initial settlement funds by joint check and deposited the funds immediately into a joint investment ac *1419 count. Their son testified that he had offered professional advice regarding their holdings and that the account was set up to pay out a monthly sum for deposit into the parties’ household account for payment of their living expenses. By transferring his unallocated separate property portion of the settlement into the joint account, the husband created a presumption that it was marital and was thus required to rebut this presumption by clear and convincing evidence that the transfer was solely a matter of convenience (see Currie v McTague, 83 AD3d 1184, 1185 [2011]; Fehring v Fehring, 58 AD3d 1061, 1062 [2009]; Garner v Garner, 307 AD2d at 512; see also Crescimanno v Crescimanno, 33 AD3d 649, 649-650 [2006]). We agree with Supreme Court that this burden was not met. Further, as noted above, the husband retained the second settlement check from the malpractice claim separately (including the portion that may have been allocated to the consortium claim) and failed to offer any accounting for these funds. As he was awarded any balance of his separate accounts, he cannot be heard to complain regarding the distribution of this asset.
The evidence of the husband’s wasteful dissipation of marital assets was overwhelming. Records from the investment account and from several casinos were introduced into evidence. The documentation and testimony, including the husband’s own admissions, clearly reveal that he engaged in extensive gambling over a period of several years, incurring significant debts and depleting the substantial assets that should otherwise have been sufficient to support the parties at their previous economic level and lifestyle indefinitely. There was no evidence whatsoever supporting the contention that his actions should be in some manner condoned or forgiven as a result of his head injury. Though the husband’s gambling may be considered an addiction, this does not excuse his gross economic misconduct in wasting the marital assets (see Conceicao v Conceicao, 203 AD2d 877, 879 [1994]; Wilner v Wilner, 192 AD2d 524, 525 [1993]; see also Matter of Adelman, 293 AD2d 62, 65-66, 68-69 [2002]; Gadomski v Gadomiski, 245 AD2d 579, 581 [1997]). Thus, according appropriate deference to Supreme Court’s credibility assessments and its “substantial discretion in fashioning an award,” we find the distribution to be well supported by the evidence (Lurie v Lurie, 94 AD3d 1376, 1378 [2012]; see Noble v Noble, 78 AD3d 1386, 1387-1388 [2010]).
Rose, J.P., Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.