13-0876-cv
Fresh Meadow Food Servs. v. RB 175 Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of January, two thousand fourteen.

PRESENT: REENA RAGGI,
DENNY CHIN,
CHRISTOPHER F. DRONEY,
*Circuit Judges*.

----------------------------------------------------------------------

FRESH MEADOW FOOD SERVICES, LLC, THOMAS J. CLARKE,

*Plaintiffs-Counter-Defendants-Appellees*,

v.                                                                No. 13-0876-cv

RB 175 CORP., RAPHY BENAIM, TOVIT BENAIM,
*Defendants-Counter-Claimants-Appellants.*[*]

----------------------------------------------------------------------

FOR APPELLANTS:                    Paul William Siegert, Esq.,
New York, New York.

FOR APPELLEES:                     William Scherer, Wilk Auslander, LLP, New York, New York.

------------------------------

[*] The Clerk of Court is directed to amend the official caption as shown above.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Tucker L. Melançon, *Judge*).[**]

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 7, 2013, is AFFIRMED.

Defendants RB 175 Corp., Raphy Benaim, and Tovit Benaim appeal from a reinstated judgment in favor of plaintiffs Fresh Meadow Food Services and Thomas J. Clarke on their claim of common law fraud under New York law. Defendants submit that the trial evidence is insufficient as a matter of law to support the district court's finding that Raphy Benaim recklessly misrepresented material facts, specifically, the removal of underground storage tanks from property leased to plaintiffs. We review the district court's findings of fact after a bench trial for clear error and its conclusions of law de novo. See Bessemer Trust Co., N.A. v. Branin, 675 F.3d 130, 135 (2d Cir. 2012). We assume the parties' familiarity with the facts and record of the prior proceedings, including prior proceedings in this court, see Fresh Meadow Food Servs., LLC v. RB 175 Corp., 502 F. App'x 81 (2d. Cir. 2012), which we reference only as necessary to affirm.

To establish the scienter required for fraud under New York law, a party must advance clear and convincing evidence that the defendant either knowingly or recklessly misrepresented a material fact. See id. at 82–83 (citing Merrill Lynch & Co. v. Allegheny

---

[**] The Honorable Tucker L. Melançon for the Western District of Louisiana, sitting by designation.

Energy, Inc., 500 F.3d 171, 181 (2d Cir. 2007)); see also National Conversion Corp. v. Cedar Bldg. Corp., 23 N.Y.2d 621, 626, 298 N.Y.S.2d 499 (1969) (holding scienter established where defendant "recklessly made false representations either as to [his] knowledge of the facts or the facts themselves"). Reckless conduct is "at the least, conduct which is highly unreasonable and which represents an extreme departure from the standards of ordinary care . . . to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it." Novak v. Kasaks, 216 F.3d 300, 308 (2d Cir. 2000) (internal quotation marks omitted). In some cases, an "egregious refusal . . . to investigate the doubtful" may give rise to an inference of recklessness. Chill v. Gen. Elec. Co., 101 F.3d 263, 269 (2d Cir. 1996) (internal quotation marks omitted). Meanwhile, clear and convincing evidence must demonstrate that the thing to be proved is highly probable or reasonably certain. See Currie v. McTague, 83 A.D.3d 1184, 1185, 921 N.Y.S.2d 364 (3d Dep't 2011); see also Black's Law Dictionary 636 (9th ed. 2009) (defining "clear and convincing" evidence as "[e]vidence indicating that the thing to be proved is highly probable or reasonably certain").

Here, there is no question that the district court correctly understood the standards. The question on appeal is whether the trial evidence permitted the judicial factfinder to reach a finding of recklessness according to these standards. The question is not whether we would ourselves have reached the same conclusion. See Bessemer Trust Co., N.A. v. Branin, 618 F.3d 76, 85 (2d Cir. 2010).

3

We conclude that the totality of the evidence detailed by the district court could support a finding of recklessness. Insofar as defendants offer innocent explanations for some of the evidence on which the district court relied, we note that it is not necessary to disprove all innocent explanations before disturbing conduct can support an inference of culpability. See Krist v. Kolombos Rest. Inc., 688 F.3d 89, 95 (2d Cir. 2012) (stating that factfinder may choose among multiple permissible views of the evidence). Moreover, in considering a sufficiency challenge, we look to whether the totality of the evidence will support the necessary finding, not whether individual pieces of evidence can do so. Here, the documentary evidence along with Raphy Benaim's record of inconsistent statements and curious behavior at relevant times, when combined with the district court's finding that Raphy Benaim failed to testify credibly at trial, were sufficient to admit a finding that defendants were reckless in representing to plaintiffs that underground tanks had, in fact, been removed from the leased property. See Phoenix Global Ventures, LLC v. Phx. Hotel Assocs., Ltd., 422 F.3d 72, 76 (2d Cir. 2005) (stating that "clear error review mandates that we defer to the district court's factual findings, particularly those involving credibility determinations"). This is not a case where our own review of the record leaves us with the "definite and firm conviction that a mistake has been committed." Souratgar v. Lee, 720 F.3d 96, 103 (2d Cir. 2013) (internal quotation marks omitted).

We have considered defendants' remaining arguments and reject them as without merit.   Accordingly, the order of the district court is AFFIRMED.[1]

                                   FOR THE COURT:
                                   CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1] Defendants have abandoned on appeal their challenge to plaintiffs' Navigation Law claim and the decision to award post-judgment interest by not briefing the issues and including them only in their statement of issues presented for review.  See Otero v. Bridgeport Hous. Auth., 297 F.3d 142, 144 (2d Cir. 2002) (finding abandonment where notice of appeal challenged ruling but brief contained no argument as to why that ruling was incorrect).