McCarthy, J.
Appeal from a judgment of the Supreme Court (Lambert, J.), entered September 11, 2013 in Delaware County, ordering, among other things, equitable distribution of the parties’ marital property, upon a decision of the court.
The parties were married in 1991. Plaintiff (hereinafter the wife) commenced this divorce action in 2011 and, after the parties stipulated to dissolving the marriage under Domestic Relations Law § 170 (7), a four-day, nonjury trial was conducted on equitable distribution and spousal maintenance, among other things. Supreme Court issued an order awarding the wife maintenance and dividing the marital property and, thereafter, the court rendered a judgment of divorce that incorporated its prior order. Defendant (hereinafter the husband) appeals.*
Supreme Court did not err in ordering the equal distribution of two joint bank accounts and a stock portfolio, after finding that they were marital property. The act of transferring separate property into an account held by both spouses “ ‘raises a presumption that the funds are marital property to be disbursed among the parties according to the principles of equitable distribution’ ” (Fehring v Fehring, 58 AD3d 1061, 1062 [2009], quoting Rosenkranse v Rosenkranse, 290 AD2d 685, 686 [2002]). As to the stock portfolio that the husband claimed to have opened in order to deposit his separate property, the husband’s trial testimony revealed that he added the wife to the account so that she could make stock purchases, and she remained on the account and exercised some control over it for roughly half of the marriage. With regard to the joint bank accounts, the husband provided no evidence to rebut the presumption that the accounts were marital and that they were established only as a matter of convenience (see Burnett v Burnett, 101 AD3d 1417, 1419 [2012]; Murray v Murray, 101 AD3d 1320, 1321-1322 [2012], lv dismissed 20 NY3d 1085 [2013]).
*961 We next turn to the husband’s Thrift Savings Plan, which was established prior to the marriage and remains in the husband’s name. The uncontroverted proof demonstrated that contributions were also made to the plan during the marriage, so at least a portion of the plan constituted marital property. The husband did not offer any proof at trial regarding the value of the separate portion of the plan but, rather, merely indicated that the wife was ineligible to receive any portion of the plan because she had allegedly abandoned him. Inasmuch as the proof was insufficient to enable Supreme Court to determine which portion of the plan was separate and which was marital, the court was entitled to equitably distribute the entirety of the plan (see Zufall v Zufall, 109 AD3d 1135, 1138 [2013], lv denied 22 NY3d 859 [2014]; Ponzi v Ponzi, 45 AD3d 1327, 1327-1328 [2007]).
We agree, however, with the husband’s argument that Supreme Court failed to properly consider what part, if any, of his pension was separate property. The record establishes the husband’s starting and ending dates of employment with the United States Postal Service and the date of the parties’ marriage, thereby allowing the court to determine which portion of the pension — a defined benefit plan — was earned prior to the marriage and is, therefore, the husband’s separate property (see Majauskas v Majauskas, 61 NY2d 481, 494 [1984]). Accordingly, we remit the matter to Supreme Court for a determination of the percentage of the pension that is marital property and, thus, may be equitably distributed (see Cameron v Cameron, 22 AD3d 911, 912-913 [2005]).
Supreme Court erred in finding that the marital residence was marital property and awarding the wife 50% of the home’s appraised value minus a $10,000 separate property credit to the husband for the purchase price of the land. Supreme Court credited the wife’s testimony that, although the husband purchased the land and constructed a “shell” of a house prior to the marriage, the construction of the residence was not complete until approximately four years after the marriage. The record demonstrates that the vast majority of the improvements occurred during the marriage due, in part, to the wife’s contributions of money, time and labor. Nevertheless, for the reasons set forth in Ceravolo v DeSantis (125 AD3d 113 [2015] [decided herewith]), a parcel of real property that is separate property cannot be transformed or transmuted into marital property by the efforts and contributions of the nontitled spouse. Accordingly, the parcel was separate property (see Domestic Relations Law § 236 [B] [i] [d] [1]), which is not subject *962 to equitable distribution (see Domestic Relations Law § 236 [B] [5] [b]; compare Domestic Relations Law § 236 [B] [5] [c]).
Appreciation in value of separate property, from the date of the marriage to the date of commencement of the divorce action, can be considered a marital asset subject to equitable distribution “if the appreciation is due to the contributions or efforts of the nontitled spouse” (Biagiotti v Biagiotti, 97 AD3d 941, 943 [2012]; see Johnson v Chapin, 12 NY3d 461, 466 [2009]; see also Domestic Relations Law § 236 [B] [1] [d] [3]). The wife, as the nontitled spouse here, bore the burden of proving that any increase in value of the husband’s separate property was at least partially due to her efforts (see Sadaghiani v Ghayoori, 83 AD3d 1309, 1311 [2011]). The value of the parcel when the husband purchased it is irrelevant, considering that the parcel was vacant at that time but had the outer structure of a house before the marriage. Additionally, the property’s value could have increased due to market forces between the dates of purchase and marriage. Simply crediting the husband for the purchase price and dividing the remainder of the property’s value between the parties would improperly give the wife half of the value of the appreciation between the dates of purchase and marriage, despite that portion of the appreciation being separate property (see Domestic Relations Law § 236 [B] [1] [d] [3]). Although the wife could have been entitled to equitable distribution of a portion of the residence’s appreciation in value for her contributions of time, money and labor toward improving the property, she did not meet her burden by proving the real property’s increase in value, as she did not submit proof of the property’s value on the date of the marriage to compare it to the value at the time of commencement of this action (see Ceravolo v DeSantis, 125 AD3d at 117-118; Burgio v Burgio, 278 AD2d 767, 769 [2000]; see e.g. Albanese v Albanese, 69 AD3d 1005, 1006 [2010]; compare Biagiotti v Biagiotti, 97 AD3d at 943). Inasmuch as the wife was not entitled to any portion of the value of the residence, and Supreme Court’s distribution of that asset and the husband’s pension may have affected its overall scheme of distribution as well as its calculation of maintenance, we remit for Supreme Court to reconsider equitable distribution of the parties’ marital assets and the appropriate maintenance award (see Cameron v Cameron, 22 AD3d at 913).
Lahtinen, J.E, Egan Jr., Devine and Clark, JJ., concur.
Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as found that defendant’s pension and the marital residence were entirely marital prop *963 erty; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.

 After the husband appealed from Supreme Court’s order, the wife moved to dismiss the appeal and the husband cross-moved to amend the notice of appeal. This Court denied the wife’s motion and granted the cross motion, holding that the husband is deemed to have appealed from the final judgment.