Smith v Smith (2017 NY Slip Op 05490)





Smith v Smith


2017 NY Slip Op 05490


Decided on July 6, 2017


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 6, 2017

523627

[*1]LINDA J. SMITH, Appellant,
v
GARY L. SMITH, Respondent.

Calendar Date: June 7, 2017

Before: Peters, P.J., Rose, Mulvey, Aarons and Pritzker, JJ.


Thomas F. Garner, Middleburgh, for appellant.
Harlem & Jervis, Oneonta (Richard A. Harlem of counsel), for respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeals (1) from a judgment of the Supreme Court (Burns, J.), entered August 3, 2015 in Otsego County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court, and (2) from an order of said court, entered November 10, 2015 in Otsego County, denying plaintiff's motion to set aside the judgment.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married on August 1, 1992 and have no children together. During the marriage, the parties lived on a 43-acre farm that had, among other things, a farmhouse, barn and carriage house. The farm was purchased by the husband prior to the parties' marriage, but, approximately two years into the marriage, the husband deeded the farm to himself and the wife as tenants by the entirety. In June 2014, the wife commenced this action for divorce, citing the irretrievable breakdown of their relationship. After a nonjury trial, Supreme Court granted the wife a divorce and distributed the marital property awarding the wife only the vehicles in her possession, the bank accounts in her name, a portion of the husband's pension earned during the course of their marriage and a $25,000 distributive award payable over a 10-year period. The court denied the wife's request for maintenance. The wife moved to set aside the judgment in the interest of justice on the ground that she suffered prejudice as a result of inadequate representation by her trial counsel. The motion was denied and the wife now appeals from both the judgment of divorce and the order denying her motion.
Whether a particular asset is marital or separate property is a question of law that a trial court must initially address to ascertain the marital estate (see Fields v Fields, 15 NY3d 158, 161 [2010]). Property acquired by either or both spouses during the marriage is presumed to be marital property, while property acquired before the marriage is presumed to be separate property [*2](see Domestic Relations Law § 236 [B] [1] [c]; [d] [1]; Ceravolo v DeSantis, 125 AD3d 113, 115 [2015]). It is well settled that Supreme Court's equitable distribution award "'will not be disturbed absent an abuse of discretion or failure to consider the requisite statutory factors [under Domestic Relations Law § 236 (B) (5) (d)]'" (Robinson v Robinson, 133 AD3d 1185, 1187 [2015], quoting Vertucci v Vertucci, 103 AD3d 999, 1001 [2013]). Notably, "equitable distribution does not require equal distribution" (Fisher v Fisher, 122 AD3d 1032, 1033 [2014]). When the record is sufficiently developed, this Court may, in the interest of judicial economy, make any adjustments necessary for the equitable distribution of the marital estate (see Mula v Mula, 131 AD3d 1296, 1299 [2015]).
The wife initially contends that the $25,000 distributive award is inadequate. The parties agree that the farm where the parties resided was transmuted into marital property (see Campfield v Campfield, 95 AD3d 1429, 1430 [2012], lv dismissed 20 NY3d 914 [2012], lv denied 21 NY3d 857 [2013]). As such, the entire fee interest, including the original separate property contribution, became marital property (see Murray v Murray, 101 AD3d 1320, 1321 [2012], lv dismissed 20 NY3d 1085 [2013]). The parties stipulated that the value of the farm parcel at the time of trial was $235,000. Given that the farm parcel constituted transmuted marital property, it was up to Supreme Court to distribute it under equitable distribution principles (see Macaluso v Macaluso, 124 AD3d 959, 960 [2015]). Rather than distribute under equitable distribution principles, the court incorrectly utilized a separate property appreciation analysis and shifted the burden to the wife to prove that her own efforts actively increased the value of the property. We note that Supreme Court's reliance on London v London (21 AD2d 602, 603 [2005]) is misplaced because the active-passive appreciation of separate property is not relevant in the equitable distribution of marital property, transmuted or otherwise (see Murphy v Murphy, 193 AD2d 1068, 1069 [1993]).
Notwithstanding, even under a transmutation analysis, the husband could have demonstrated his entitlement to a credit for the value of his contribution of separate property, as credits are often awarded "for the value of former separate property" (Myers v Myers, 119 AD3d 1114, 1116 [2014]). Further, since the Domestic Relations Law allows the court to broadly consider "any other factor which the court shall expressly find to be just and proper" (Domestic Relations Law § 236 [B] [5] [d] [14]), some of the factors utilized by Supreme Court could have been employed in a proper equitable distribution analysis.
Within this framework, we find that the husband met his burden of proof, albeit without precision, in establishing his entitlement to a credit against the value of the farm residence. In particular, the husband purchased the farm with his then-girlfriend in 1983, nine years prior to the marriage, for $55,000. When the husband and his then-girlfriend ended the relationship, he gave her approximately half the acreage of the farm. When the parties were married, the husband owed $24,700 on the farm. As noted, approximately two years into the marriage, the husband deeded the farm to himself and the wife as tenants by the entirety. At the time of trial, the farm was unencumbered. While the record unfortunately does not contain an appraisal of the farm parcel at the time of the joint transfer, there is no evidence, nor is it likely, that the value of the property decreased over the 11-year period that the husband owned the property prior to deeding it to himself and the wife. Taking into account that part of the parcel was transferred to the husband's then-girlfriend and that there was some amount of principal left on the mortgage, there is sufficient evidence in the record to warrant a $35,000 credit in favor of the husband.
Additionally, there are equitable distribution factors that mitigate against an equal distribution of the remaining equity in the farm. In particular, the husband deposited any income from the farm into his separate bank account and paid the taxes and other carrying charges [*3]associated with the real property from this same account. The wife also vacated the marital residence for lengthy periods of time during which the husband was required to solely maintain the residence. The wife testified that, since January 2007, she spent the winters in Florida; the first year she went for three months, the second year for two months, and, since then, she has gone for five to six months at a time. The husband worked the farm daily for 30 years, and the wife conceded that the farm constituted his whole life. Based on these factors, we award the wife 40% of the remaining equity, after the separate property credit, in the sum of $80,000, minus any monies already paid to the wife on the original award of $25,000, with the amount due to be paid no later than one year from the date of this decision.
Turning to the two additional properties, the parties jointly purchased a 13-acre parcel, which adjoined the farm, during the marriage from the husband's son for $4,000. The husband paid for the parcel out of his separate bank account. The husband also owns a two-acre lot, which does not adjoin the farm parcel, and is solely in the husband's name, even though it was purchased during the marriage. The husband paid $6,800 for the land by cashing in his 401(k). At the time of trial, both parcels were unencumbered. Although both of these parcels constitute marital property (see McSparron v McSparron, 190 AD2d 74, 77 [1993]), we find that Supreme Court did not err in awarding both of these parcels to the husband; the first parcel adjoins the farm parcel, which is distributed in-kind to the husband, and the second parcel is titled solely to the husband, and the wife failed to produce any evidence as to its value (see Barnhart v Barnhart, 148 AD3d 1264, 1266 [2017]).
With regard to the farm equipment, the 1952 Ford tractor, two John Deere tractors, plows and hay wagons were all purchased prior to the parties' marriage and are separate property. However, the 1972 Massey tractor, the other Ford tractor, a John Deere bailer, a 1988 New Holland bailer, a 1999 Kuhn Tedder, a 2004 Kubota utility vehicle and a 1990 Honda ATV were purchased during the parties' marriage and are marital property. The 1984 New Holland haybine was a gift given to the husband and is separate property. The 1988 New Holland bailer and the 2004 Kubota utility vehicle were purchased by the husband, during the marriage, using one half of timber proceeds of which the wife received the other half. There was no evidence regarding when a manure spreader and a Cub Cadet lawn mower were purchased. The wife attempted to enter evidence of her personal assessment of the farm equipment's worth, but it was properly ruled inadmissible by Supreme Court as speculative and without foundation. Therefore, Supreme Court did not abuse its discretion in awarding these items to the husband (see Butler v Butler, 256 AD2d 1041, 1046 [1998], lv denied 93 NY2d 805 [1999]).
Moreover, although, we agree with Supreme Court that an award of the livestock and the bulk of the home furnishings to the husband was proper, we find that, under the totality of the circumstances, the wife should be awarded the dining room set and her personal items of clothing and jewelry [FN1]. As for the undistributed funds in the lockbox, $3,300, we award the wife half, payable within 30 days from the date of this decision. Further, as the parties maintained separate bank accounts throughout the majority of their marriage, the court did not err in awarding them ownership of their own bank accounts, despite the fact that they contained unequal funds (see Funaro v Funaro, 141 AD3d 893, 896-897 [2016]).
The wife also contends that her trial counsel was deficient, resulting in an inequitable [*4]distribution of marital assets, and that Supreme Court erred in denying her motion to vacate the judgment. "While [the wife] claims that she did not receive the effective assistance of counsel, it is well settled in civil litigation that an attorney's errors or omissions are binding on the client, absent extraordinary circumstances" (Department of Social Servs. v Trustum C.D., 97 AD2d 831, 831 [1983] [citations omitted], lv denied 61 NY2d 605 [1984]; see Xiaokang Xu v Xiaoling Shirley He, 24 AD3d 862, 864 [2005], lv denied 6 NY3d 710 [2006]; Matter of Siddiqui v New York State Dept. of Health, 228 AD2d 735, 736 [1996], lv denied 89 NY2d 804 [1996]; Matter of James BB. v Debora AA., 202 AD2d 852, 854 [1994]). Although certain aspects of her counsel's representation could be criticized, we find no extraordinary circumstances present to warrant vacatur of the judgment on such ground.
Peters, P.J., Rose, Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as (1) awarded plaintiff $25,000 as a distributive award, (2) failed to award any funds to plaintiff from the lockbox, and (3) failed to award certain home furnishings and personal property; plaintiff is awarded (1) a distributive award of $80,000, payable within one year from the date of this decision, with a credit to defendant for any amounts paid pursuant to the prior award, (2) $1,650 from the lockbox, payable within 30 days from the date of this decision, (3) the dining room set, and (4) her personal belongings and her jewelry as set forth herein; and, as so modified, affirmed.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Notably, neither party furnished any proof as to the value of any of this property (see Keil v Keil, 85 AD3d 1233, 1235 [2011]).