Mulvey, J.
 

 Cross appeals (1) from a judgment of the Supreme Court (Nolan Jr., J.), entered February 18, 2015 in Saratoga County, ordering, among other things, equitable distribution of the parties’ marital property, upon a decision of the court, and (2) from an order of the said court, entered April 6, 2015 in Saratoga County, which, among other things, partially granted plaintiff’s motion to enforce certain provisions of an order of equitable distribution.
 

 Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married on May 20, 2000 and have a daughter (born in 1995) and a son (born in 2001). The wife commenced this divorce action in December 2011, seeking, among other things, child support, equitable distribution and exclusive use and occupancy of the marital home. The husband answered and counterclaimed for, among other things, the same relief. Prior to trial, the parties resolved the issue of custody, agreeing to joint legal custody with primary physical custody with the wife, and a majority of the issues concerning their personal property. Following a trial, Supreme Court issued an order providing for child support and distributing the parties’ marital property, and issued a judgment of divorce. Thereafter, the wife made an application seeking enforcement of certain provisions of the court’s equitable distribution order. Following a hearing, Supreme Court issued an enforcement order that, among other things, directed the husband to sign the purchase offer made by the wife’s boyfriend for the marital home. These cross appeals ensued.
 

 Initially, we reject the wife’s contention that Supreme Court erred in failing to credit her with a distributive share of the husband’s 401(k) account held through his employment with CoreSense in 2006 and 2007. Records in evidence confirm that while the husband contributed to that account through payroll deductions, that account was liquidated between July 1, 2007 and September 30, 2007, more than four years prior to commencement of the divorce action. While “[p]roperty acquired by either or both spouses during the marriage is presumed to be marital property” (Smith v Smith, 152 AD3d 847, 848 [2017]; see Domestic Relations Law § 236 [B] [1] [c], [d] [1]), the husband testified at trial that he no longer had this 401(k) account at the time this action was commenced in 2011, and the wife failed to establish that it existed. Absent such proof, the court has no basis upon which to make an award.
 

 Nor are we persuaded that Supreme Court should have credited the wife for the daughter’s college expenses. Although the court made no express finding on this request, the record is sufficiently developed to permit the exercise of our independent authority to review the evidence on this issue (see Murray v Murray, 101 AD3d 1320, 1325 [2012], lv dismissed 20 NY3d 1085 [2013]). Generally, where, as here, the parties did not enter a voluntary agreement to provide for a child’s college education, “a parent may be required to make payments for a child’s college education if special circumstances are found to exist” (Brough v Brough, 285 AD2d 913, 916-917 [2001]; see Domestic Relations Law § 240 [1-b] [c] [7]; Murray v Murray, 101 AD3d at 1325). The record reflects that the parties had intended for the children to attend college, and they purchased rental property to pay for those expenses. However, those properties are in foreclosure, as is the marital residence, and the parties otherwise have limited financial resources. The husband is paying $683.75 in child support and a payment in the same amount for arrears, and the parties incurred heavy debt to pay for their business. The daughter, who is estranged from the husband and, unbeknownst to him, had enrolled in a state university (later transferring to a local community college), paid her expenses with various loans, grants and financial aid, and the wife did not qualify for parental loans. Under all of the circumstances, including the husband’s limited ability to pay, we decline to credit the wife for the daughter’s college expenses (see McAuliffe v McAuliffe, 70 AD3d 1129, 1133-1134 [2010]; compare Murray v Murray, 101 AD3d at 1325-1326).
 

 With regard to the children’s health care, the wife testified that the children are covered through the Child Health Plus program at a cost to her of $30 each per month, and she has insurance through her employer, while the husband is enrolled in Medicaid. Supreme Court properly ordered the husband to pay his pro rata share (42%) of the children’s future unreim-bursed health-related expenses and, when the children no longer qualify for this program, directed the wife to add them to her health insurance plan and the husband to pay the wife his 42% share of those costs. Given the child support award, minimal insurance costs under the program and the parties’ financial circumstances, we do not find, as the wife urges, that the court abused its discretion in declining to credit her retroactively for the husband’s share of health care costs (see Domestic Relations Law § 240 [1] [c]; McAuliffe v McAuliffe, 70 AD3d at 1134).
 

 On the husband’s cross appeal, he challenges several aspects of Supreme Court’s distribution and credits, only two of which have merit. The court found that the business — which was purchased with a bank loan (partially secured by a mortgage on the marital residence), marital funds and loans from the parties’ parents and had been listed for sale — is marital property. Despite the wife’s limited direct involvement in the business, the court ordered that the net proceeds be equally divided upon its sale, with certain adjustments related to the bank loan, and the parties were each held responsible to repay their respective parents. The husband argues that, given the equal distribution of the business asset, the court should have equally apportioned the outstanding credit card debt and 401(k) loans — reportedly totaling approximately $125,000 — that he incurred to directly support the business prior to the commencement of this action. He also requested credit for any payments made after the action was commenced. We agree.
 

 “Outstanding financial obligations incurred during the marriage which are not solely the responsibility of the spouse who incurred them may be offset against the total marital assets to be divided” (Ball v Ball, 150 AD3d 1566, 1573 [2017] [internal quotation marks, brackets and citations omitted]). Considering the parties’ respective financial situations, the child support award and the distribution of assets and debts, we find that the wife should have been ordered to share equally in the remaining debts incurred by the husband to support the business (see id.; Evans v Evans, 55 AD3d 1079, 1081 [2008]). Thus, Supreme Court could have credited the husband for one half of the total debt amount and for payments made toward these debts after the action was commenced. Alternately, the court could have equally divided those debts and assigned them specifically to each party or ordered them to be paid out of the proceeds from the sale of the business. Supreme Court will need to address these matters upon remittal.
 

 We similarly find that the husband should have been credited for his premarital contributions toward the purchase of the marital home in 1999.
 
 [1]
 
 It has been recognized that, “[w]hen one spouse contributes separate property toward the purchase of a marital asset, such as a marital home, the contributing spouse is generally entitled to a credit representing the amount of that separate property contribution” (Beardslee v Beardslee, 124 AD3d 969, 969 [2015]; see Fields v Fields, 15 NY3d 158, 166 [2010]). The husband offered uncontradicted testimony that, prior to the marriage, he contributed $17,575 from his separate property toward the down payment and purchase of the parties’ home, which was deeded to both parties, from funds that he obtained from his personal banking ($7,148) and 401(k) ($10,427) accounts. While he temporarily placed some of the withdrawn 401(k) funds in the parties’ joint account, this was done for convenience and those funds were used at the closing on the marital residence the following week, and, under all of the circumstances, we find that they “retained [their] character as separate property” (Dunn v Dunn, 224 AD2d 888, 890 [1996]; see Ceravolo v DeSantis, 125 AD3d 113, 118 [2015]; Albertalli v Albertalli, 124 AD3d 941, 942-943 [2015]; compare Fessenden v Fessenden, 307 AD2d 444, 445-446 [2003]).
 

 Finally, as neither party had the ability to purchase the other’s equity in the marital residence, Supreme Court’s initial decision and order directed that the marital residence — which was encumbered by multiple mortgages and in foreclosure — be listed with a real estate broker. The parties were directed to accept any bona fide purchase offer equal to 85% or more of the asking price, with the net sale proceeds split equally with certain adjustments. At the hearing on the wife’s motion to enforce provisions in the equitable distribution order and decision, it was established that the wife’s boyfriend had offered to purchase the marital residence for more than 85% of the listing price, was prequalified to close and had a bank commitment letter, but the husband refused to accept the offer. Further, the husband’s higher purchase offer (for which he did not qualify for a loan) had expired, no third-party offers had been received,
 
 [2]
 
 he had failed to cooperate with refinancing and foreclosure was imminent. Given these facts, we discern no abuse of discretion in the court ordering the husband to accept and “immediately sign” the only viable purchase offer, made by the boyfriend of the wife, which in all respects satisfied the court’s earlier order (see Domestic Relations Law § 234; Sprole v Sprole, 145 AD3d 1367, 1371-1372 [2016]; Bennett v Bennett, 112 AD3d 1108, 1109 [2013]).
 

 We have examined and find unpersuasive the remainder of the parties’ contentions with regard to the judgment and order.
 

 Egan Jr., J.P., Lynch and Rose, JJ., concur.
 

 Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as ordered that the proceeds of the sale of the marital residence be split equally without a credit to defendant for his premarital contributions toward its purchase; matter remitted to the Supreme Court to credit defendant for his premarital contributions to the purchase of the marital residence, credit defendant for one half of the remaining debt incurred to support the parties’ business or assign equal and specific parts of that debt to each party and for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.
 

 Ordered that the order is affirmed, without costs.
 

 [1]
 

 . While the marital residence was purchased prior to the marriage, the parties did not argue that it was other than marital property subject to equitable distribution.
 

 [2]
 

 . The purported offer by the husband’s brother was unsigned, and the evidence that the brother intended to purchase the home was unsupported and did not constitute a purchase offer.