Mack v Mack (2019 NY Slip Op 01284)





Mack v Mack


2019 NY Slip Op 01284


Decided on February 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 21, 2019

526924

[*1]TERESA ESTRADA MACK, Respondent,
v
CHRISTOPHER RICHARD MACK, Appellant.

Calendar Date: January 9, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Rumsey, JJ.


Blatchly & Simonson, New Paltz (Bruce D. Blatchly of counsel), for appellant.
Bloom & Bloom, PC, New Windsor (Peter E. Bloom of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a judgment of the Supreme Court (Cholakis, J.), entered October 30, 2017 in Ulster County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 2002 and have two children (born in 2002 and 2004). After almost 15 years of marriage, the wife commenced this action for divorce. Following a bench trial, Supreme Court equitably distributed the parties' marital property and directed the husband to pay maintenance in the amount of $2,485.68 monthly until 2022 and child support in the amount of $2,238.50 monthly. The husband appeals.
Supreme Court did not abuse its discretion in its determination of which assets were marital property and the value it placed on them. "Whether a particular asset is marital or separate property is a question of law that a trial court must initially address to ascertain the marital estate" (Smith v Smith, 152 AD3d 847, 848 [2017]; accord Giannuzzi v Kearney, 160 AD3d 1079, 1080 [2018]; see Fields v Fields, 15 NY3d 158, 161 [2010]). Property acquired during a marriage is presumed to be marital property, and the party seeking to overcome that presumption must prove that the item in dispute is separate property (see Spera v Spera, 71 AD3d 661, 664 [2010]; Seidman v Seidman, 226 AD2d 1011, 1012 [1996]; see also Fields v Fields, 15 NY3d at 166).
The husband formed a corporation, Pragmatic Technologies, Inc. (hereinafter PTI), in 2000 (prior to the marriage) and remains its sole shareholder. Supreme Court correctly concluded that PTI is the husband's separate property, and the wife did not seek any portion of PTI or its appreciation in value during the marriage. The husband argues that the court erred in failing to account for a $200,000 debt owed by PTI to a foreign corporation, stating that this debt is "a real obligation of the husband" that must be repaid. Debts of PTI are corporate debts, however, not personal obligations of the husband and, just as the assets of PTI are separate property, the debts of that corporation should not be considered part of the marital estate.
The husband contends that Supreme Court erroneously considered a $200,000 debt owed by PTI to the husband as a marital asset subject to equitable distribution. The husband lent money to PTI from the parties' personal funds during the marriage. The record lacks any proof to support the husband's contention that such shareholder loans to corporations are often not counted as equity because they are rarely paid back. His argument that the corporation may not be able to repay the loan is belied by a $50,000 payment made during the pendency of this action. In any event, the mere possibility that a debtor may be unable to pay in the future cannot eliminate a debt as a marital asset. The husband would receive a windfall if he were able to lend marital money to PTI, thereby increasing the value of his separate property, and not count that loan as a marital asset. Hence, the court properly treated the debt owed to the husband by PTI as a marital asset.
During the marriage, the husband formed Mack Technologies, LLC (hereinafter MT) as a real estate holding company. Although the husband contends that MT should be considered his separate property because it was funded by PTI, the record supports Supreme Court's conclusion that the husband failed to overcome the presumption that MT is marital property (see Robinson v Robinson, 133 AD3d 1185, 1190 [2015]). MT held ownership of a commercial building used by PTI, but also held title to the marital residence. Despite MT's title ownership of the residence, for tax purposes the parties treated that property as if it were owned by them personally (for example, deducting the property taxes on their personal tax returns). Moreover, the money used to fund MT derived from PTI, but PTI's wealth was created by the husband's efforts and he extracted money from PTI as he liked. Contrary to the husband's argument that MT had no specific value that could be distributed, the court reasonably determined that MT's value consisted of its bank account balance and the appraised value of the marital residence titled to MT. Thus, that marital property was subject to equitable distribution.
The husband further asserts that Morgan Hill Ventures, LLC (hereinafter MHV) is his separate property, despite its creation during the marriage, because the purpose of that entity is to hold an investment individual retirement account that was funded by rolling over his separate property acquired from a premarital 401(k) account. Yet nothing other than the husband's testimony established the source of the assets held by MHV. Thus, Supreme Court did not err in determining that the husband failed to overcome the presumption that MHV is marital property (see DeSouza v DeSouza, 163 AD3d 1185, 1191-1192 [2018]; compare Wallace v Wallace, 154 AD3d 1078, 1081 [2017]).
"Supreme Court has substantial discretion in determining the fair and equitable distribution of marital property under the circumstances, and its award will not be disturbed absent an abuse of discretion or failure to consider the requisite statutory factors" under Domestic Relations Law § 236 (B) (5) (d) (DeSouza v DeSouza, 163 AD3d at 1190; see Fields v Fields, 15 NY2d at 167-168; Miszko v Miszko, 163 AD3d 1204, 1205 [2018]; Gordon-Medley v [*2]Medley, 160 AD3d 1146, 1148 [2018]). The court here addressed the statutory factors. Considering, particularly, the almost 15-year duration of the marriage and the wife's contributions to the household as a homemaker and in caring for the parties' children, while forgoing her own career, the court did not abuse its discretion in awarding the wife 50% of the marital property (see Florio v Florio, 25 AD3d 947, 949-950 [2006]).
Supreme Court did not abuse its discretion in imputing income to the husband for purposes of calculating maintenance and child support. "[A] parent's child support obligation is determined by his or her ability to provide support, rather than the parent's current financial situation" (Matter of D'Andrea v Prevost, 128 AD3d 1166, 1167 [2015] [internal quotation marks and citations omitted]). "Because imputed income more accurately reflects a party's earning capacity and, presumably, his or her ability to pay, it may be attributed to a party as long as the court articulates the basis for imputation and the record evidence supports the calculations" (id. [internal quotation marks, brackets, ellipsis and citations omitted]). "[I]n determining a party's child support or spousal maintenance obligation, a court need not rely upon a party's own account of his or her finances, but may exercise its discretion by imputing income based upon such factors as the party's education, qualifications, employment history, past income, and demonstrated earning potential" (Carney v Carney, 160 AD3d 218, 227 [2018] [internal quotation marks and citation omitted]). A court's determination to impute income to a parent will not be disturbed absent an abuse of discretion (see Matter of Kelly v Bovee, 9 AD3d 641, 642 [2004]).
The husband testified that, working as an electrical engineer, he earned $115,000 in 1995 and was earning $125,000 by 2000, when he left his job and formed PTI. Recent tax returns showed that PTI ran in the negative and the husband had no income. He testified that he did not draw a regular paycheck and had "no earnings." Supreme Court found this testimony and the income shown on the tax returns to be incredible based on the parties' standard of living, the reality of the husband's business and accounting practices, and testimony that the husband paid personal expenses from corporate accounts (see Blay v Blay, 51 AD3d 1189, 1192 [2008]). We defer to those credibility findings (see Arthur v Arthur, 148 AD3d 1254, 1255 [2017]). Considering his education, professional qualifications, demonstrated earning potential and prior employment and income, the court did not abuse its discretion in imputing to the husband $200,000 in annual income for support purposes. The husband's remaining arguments have been reviewed and found to be without merit.
Egan Jr., J.P., Clark, Devine and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.