Szypula v Szypula (2022 NY Slip Op 06664)

Szypula v Szypula

2022 NY Slip Op 06664

Decided on November 23, 2022

Appellate Division, Third Department

Reynolds Fitzgerald, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 23, 2022

533729

[*1]Meredith Szypula, Respondent,
v
John Szypula, Appellant.

Calendar Date:October 12, 2022

Before: Lynch, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

The Lama Law Firm, LLP, Ithaca (Ciano J. Lama of counsel), for appellant.
Miller Mayer, LLP, Ithaca (R. James Miller of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Joseph A. McBride, J.), entered July 9, 2021 in Tompkins County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 1996 and have two unemancipated children (born in 2006 and 2008). The husband was employed by the United States Navy from 1987 until 1998, earning 11 years of unvested pension credits. In 2012, the husband began employment with the United States Department of State. Attendant to this employment, the husband was given the option of "buy[ing] back" the pension benefit credits earned for his previous military service. He did so, utilizing marital funds for the purchase. In 2019, the wife commenced this action for divorce. At issue is whether the Navy pension credits earned prior to the marriage, but acquired during the marriage, are marital or separate property. After a nonjury trial, Supreme Court, relying on Burke v Burke (175 AD3d 458 [2d Dept 2019]), deemed said credits marital in nature and included them in its calculation of the wife's award of the husband's pension. The husband appeals.
The husband's sole contention on appeal is that Supreme Court erred in classifying that portion of the Navy pension credits earned prior to the marriage as marital property. We agree. "Whether a particular asset is marital or separate property is a question of law that a trial court must initially address to ascertain the marital estate" (Mack v Mack, 169 AD3d 1214, 1215 [3d Dept 2019] [internal quotation marks and citations omitted]; see Giannuzzi v Kearney, 160 AD3d 1079, 1080 [3d Dept 2018]). "[W]hile the method of equitable distribution of marital property is properly a matter within the trial court's discretion, the initial determination of whether a particular asset is marital or separate property is a question of law, subject to plenary review on appeal" (DeJesus v DeJesus, 90 NY2d 643, 647 [1997]; see Smith v Smith, 152 AD3d 847, 848 [3d Dept 2017]). Domestic Relations Law § 236 (B) (1) (c) defines marital property as "all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action." Thus, Domestic Relations Law § 236 creates a statutory presumption that all property acquired during the marriage is marital. The burden then rests with the party asserting the separate property claim to rebut the presumption (see Fields v Fields, 15 NY3d 158, 163 [2010]; Saia v Saia, 91 AD3d 1110, 1110 [3d Dept 2012]).
The case before us concerns pension credits, an area of extensive discussion and analysis throughout the years since New York became an equitable distribution state. "[A] pension benefit is, in essence, a form of deferred compensation derived from employment and an asset of the marriage that both spouses expect to enjoy at a future date" (Dolan [*2]v Dolan, 78 NY2d 463, 466 [1991]). "Even though workers are unable to gain access to the money until retirement, their right to it accrues incrementally during the years of employment. Thus, that portion of a pension based on years of employment during the marriage is marital property" (Olivo v Olivo, 82 NY2d 202, 207 [1993]). In effecting the intent of Domestic Relations Law § 236 (B), the Court of Appeals held that "these post-divorce benefits were marital property to the extent that they were compensation for past services rendered during the marriage" (DeLuca v DeLuca, 97 NY2d 139, 145 [2001] [emphasis added]). Accordingly, "it becomes evident that an employee's interest in such a plan, except to the extent that it is earned before marriage or after commencement of a matrimonial action, is marital property" (Majauskas v Majauskas, 61 NY2d 481, 490 [1984] [emphasis added]).
Applying this rationale to the purchase of pension benefit credits, "[w]hether and to what extent a pension benefit is marital or separate property is determined by the time period in which the credit for the pension was earned" (Valachovic v Valachovic, 9 AD3d 659, 660 [3d Dept 2004]). Here, as nine of the 11 years of credits purchased "were admittedly earned prior to the marriage, they remain [defendant's] separate property" (id.).
This reasoning is in accord with "the well-settled statutory presumption that all property acquired by either spouse during the marriage, unless clearly separate, is deemed marital property" (Fields v Fields, 15 NY3d at 165 [emphasis added]; see DeJesus v DeJesus, 90 NY2d at 652). The Legislature enacted the marital property presumption "to recognize the direct and indirect contributions of each spouse" to an asset (Hartog v Hartog, 85 NY2d 36, 47 [1995]). The time rules applicable to pension plans and pension plan credits reflect compensation to the titled spouse for past services. As such, compensation for past services earned prior to the marriage is separate property. The nine years of premarriage Navy credits were earned outside the marriage and are based on the fruit of the titled spouse's sole labors. As they are not due in any way to the indirect contributions of the non-titled spouse (see DeJesus v DeJesus, 90 NY2d at 652), the wife's contention that she is entitled to an equitable share of any "appreciation" in the value of credits that have been classified as the husband's separate property is unpersuasive. The acquisition of the separate pension credits cannot serve to transform such property into a marital asset (see Ceravolo v DeSantis, 125 AD3d 113, 116 [3d Dept 2015]; Burgio v Burgio, 278 AD2d 767, 769 [3d Dept 2000]).
However, as marital funds were utilized to purchase the pension credits, said funds are subject to equitable distribution. Thus, we remit the matter to Supreme Court to amend the QDRO to reflect that the nine years of premarriage credit for military service from 1987 to 1996 is the husband's separate property [*3]and to equitably distribute the marital funds utilized to purchase the credits (see Macaluso v Macaluso, 124 AD3d 959, 962 [3d Dept 2015]).
Lynch, J.P., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as determined that defendant's military pension credits earned prior to the marriage were marital property and directed equitable distribution thereof equally to the parties based on Majauskas v Majauskas; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.