George JJ. v Shannon JJ. (2023 NY Slip Op 00256)

George JJ. v Shannon JJ.

2023 NY Slip Op 00256

Decided on January 19, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 19, 2023

534268 
[*1]George JJ., Respondent,
v
Shannon JJ., Appellant.

Calendar Date:December 14, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Fisher and McShan, JJ. 

Law Office of Corrie A. Damulis, Edmeston (Corrie A. Damulis of counsel), for appellant.
George JJ., Hancock, respondent pro se.

Fisher, J.
Appeal from a judgment of the Supreme Court (John F. Lambert, J.), entered June 1, 2021 in Delaware County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.
Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were married in 2012 and have four unemancipated children. In 2018, the husband commenced this divorce action alleging cruel and inhuman treatment (see Domestic Relations Law § 170 [1]). The wife joined issue and asserted a counterclaim alleging an irretrievable breakdown of the parties' relationship (see Domestic Relations Law § 170 [7]). The matter proceeded to trial on various issues, notably equitable distribution and child support. Following a bench trial, Supreme Court issued a decision wherein, as relevant here, it granted the husband a financial interest in a property purchased by the wife before the marriage (hereinafter the Hancock property) and in a certain number of livestock. The court also calculated the presumptive amount of child support to be paid by the husband and granted the wife a judgment of divorce on the ground of irretrievable breakdown. The wife appeals.
Supreme Court erred in awarding the husband a financial interest in the Hancock property. "Whether a particular asset is marital or separate property is a question of law that a trial court must initially address to ascertain the marital estate" (Mack v Mack, 169 AD3d 1214, 1215 [3d Dept 2019] [internal quotation marks and citations omitted]). Although "a parcel of real property that is separate property cannot be transformed or transmuted into marital property by the efforts and contributions of the nontitled spouse" (Macaluso v Macaluso, 124 AD3d 959, 961 [3d Dept 2015]; see Allen v Allen, 179 AD3d 1318, 1319 [3d Dept 2020]; Ceravolo v DeSantis, 125 AD3d 113, 116-117 [3d Dept 2015]), "any appreciation in the value of [that] separate property due to the contributions or efforts of the nontitled spouse will be considered marital property" (Robinson v Robinson, 133 AD3d 1185, 1187 [3d Dept 2015] [internal quotation marks and citation omitted]; see Domestic Relations Law § 236 [B] [1] [d] [3]; Albanese v Albanese, 69 AD3d 1005, 1006 [3d Dept 2010]). The "nontitled spouse seeking an interest in the appreciation of separate property occurring during the marriage bears the burden of establishing that the increased value was due in part to his or her efforts as opposed to market forces or other unrelated factors" (Seale v Seale, 149 AD3d 1164, 1168 [3d Dept 2017] [internal quotation marks, brackets and citation omitted]; see Robinson v Robinson, 133 AD3d at 1187).
Here, it is undisputed that the Hancock property was purchased by the wife prior to the marriage. Although the parties also purchased a mobile home for the property and the husband testified that he used his skill as a union carpenter to pour the foundation and place the electric, the record is clear that these events [*2]also occurred prior to the marriage and does not transmute the property into marital property (see Macaluso v Macaluso, 124 AD3d at 961). Even though Supreme Court credited the wife's testimony that a market analysis valued the Hancock property at $49,000, the husband did not dispute the wife's further testimony that they received an insurance policy on the Hancock property in the amount of $45,000 before the marriage — thereby resulting in a marginal increase in value over the span of the marriage. Despite that the husband offered testimony as to the renovations and general upkeep that he performed at the various other properties owned or managed by the parties during their marriage, he did not indicate what specific efforts he made on the Hancock property after the date of their marriage. Based on this record, we cannot say that the husband satisfied his burden of establishing that the value of the Hancock property increased due to his efforts, as opposed to market forces or other unrelated factors (see Seale v Seale, 149 AD3d at 1168; Macaluso v Macaluso, 124 AD3d at 962; cf. Robinson v Robinson, 133 AD3d at 1187-1188). Accordingly, it was an abuse of discretion to award the husband a financial interest in same (see Ceravolo v DeSantis, 125 AD3d at 117; Macaluso v Macaluso, 124 AD3d at 961).
Similarly, we do not find that the record supports Supreme Court's valuation of livestock and, therefore, it was an abuse of discretion to award the husband a $40,000 distribution for the cows jointly owned by the parties (see Smith v Smith, 152 AD3d 847, 848 [3d Dept 2017]). Neither party offered any evidence relating to the value of the cows. It is further unclear from the record how many cows the parties had at the commencement of the divorce or maintained through the time of trial. The husband contends that Supreme Court valued the cows based on the wife's statement of net worth, however, the budget line for livestock is zero with the comment "to be determined."[FN1]
Although, "[w]hen the record is sufficiently developed, this Court may, in the interest of judicial economy, make any adjustments necessary for the equitable distribution of the marital estate" (Smith v Smith, 152 AD3d at 848), absent a detailed record, this Court may remit the matter to Supreme Court for a new determination (see O'Brien v O'Brien, 66 NY2d 576, 589 [1985]; Madu v Madu, 135 AD3d 836, 836 [2d Dept 2016]; DeSantis v DeSantis, 205 AD2d 928, 929-930 [3d Dept 1994]). Inasmuch as the husband is not entitled to any portion of the value of the Hancock property, and Supreme Court's distribution of that asset and of the livestock — both which are significant assets in the marital estate — may have affected the court's overall scheme of distribution, we remit for Supreme Court to reconsider equitable distribution (see Macaluso v Macaluso, 124 AD3d at 962; see also Ceravolo v DeSantis, 125 AD3d at 117; Cameron v Cameron, 22 AD3d 911, 912-913 [3d Dept 2005]; see generally Madu v Madu, 135 [*3]AD3d at 837).
Lastly, we agree with the wife's contention that Supreme Court erred in its award of child support. Although Supreme Court correctly calculated each parties' presumptive child support obligation, it erred in awarding the wife her pro rata share instead of the husband's pro rata share. Therefore, we modify this portion of the judgment to reflect the correct amount that the husband shall pay the wife, which is $333.62 per week, retroactive to the date of the commencement of the action (see Domestic Relations Law § 236 [B] [7] [a]; Hughes v Hughes, 200 AD3d 1404, 1408 n 4 [3d Dept 2021]). Given the disparity in the amount that Supreme Court awarded and the correct amount awarded herein, we find additional arrears in the amount of $50.00 per week to also be appropriate. We have examined the parties' remaining contentions and have found them to be without merit or rendered academic.
Egan Jr., J.P., Clark, Pritzker and McShan, JJ., concur.
ORDERED that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as found that the Hancock property was entirely marital property and that the value of the livestock was $80,000 and directed equitable distribution thereof equally to the parties, and as determined plaintiff's child support obligation; plaintiff's weekly child support obligation is increased to $333.62, plus $50 in arrears; matter remitted to the Supreme Court for a redetermination of equitable distribution of the parties' property not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: The next line under the livestock valuation of zero reads the figure that the husband, and presumably Supreme Court, used to value the cows. However, that figure is not the total value of the livestock, but the total value of the wife's combined assets listed in that subsection of her statement of net worth.