Szypula v Szypula (2024 NY Slip Op 05177)

Szypula v Szypula

2024 NY Slip Op 05177

Decided on October 22, 2024

Court of Appeals

Wilson, Ch. J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2024

No. 76 

[*1]Meredith Szypula, Appellant,
v
John Szypula, Respondent.

R. James Miller, for appellant. 
Emily Barnet, for respondent. 

WILSON, Chief Judge:

In this case, a couple used marital funds to augment the husband's Foreign Service pension so that it included credit for his pre-marriage military service. The issue is whether the portion of the pension related to the pre-marriage military service is separate or marital
property. We hold that the portion of the Foreign Service pension related to credit for that service is entirely marital property because marital funds were used to transform the credits into pension rights. We therefore reverse and remit to Supreme Court for further proceedings.
I
John Szypula joined the Navy in 1987, when he was 22. He and Meredith Szypula were married nine years later. Two years later, in 1998, Mr. Szypula left the Navy. In general, members of the armed services become entitled to retirement pay only after they complete twenty years of service. When Mr. Szypula left the Navy, he was not entitled to military retirement benefits.
From 1998 to 2012, Mr. Szypula worked in the private sector. In 2012, he joined the Foreign Service and enrolled in the Foreign Service Pension System (FSPS). Veterans who join the Foreign Service—like Mr. Szypula—may add their years of military service to their FSPS pensions by making additional contributions for the years they served in the military. Mr. and Ms. Szypula took advantage of this benefit. From 2012 to 2018, a portion [*2]of Mr. Szypula's earnings was withheld to enhance his Foreign Service pension by "buying back" his eleven years of Navy service, at a total cost of $9,158.00 [FN1]. As a result of those
payments and his eleven years of Navy service, Mr. Szypula's FSPS pension will vest sooner and be worth more.
In 2019, the Szypulas filed for divorce. The parties settled some issues but could not resolve whether the portion of the FSPS pension attributable to Mr. Szypula's nine years of pre-marriage Navy service was separate or marital property [FN2].
Supreme Court held that the value of the FSPS pension related to Mr. Szypula's nine years of premarital Navy service was marital property subject to equitable distribution because the couple "used marital funds to buy back" the Navy credits during the course of their marriage. The Appellate Division reversed, holding that the Navy pension credits were Mr. Szypula's separate property because they were the product of his "sole labors" and were "not due in any way to [Ms. Szypula's] indirect contributions" (211 AD3d 156, 159 [3d Dept 2022]). The Appellate Division held, however, that the marital funds used to purchase the credits were subject to equitable distribution and remitted to Supreme Court to make the appropriate calculations (id.). On remittal, Supreme Court adjusted the award accordingly. Ms. Szypula now appeals.
II Under Domestic Relations Law § 236, marital property includes "all property acquired by either or both spouses during the marriage" except separate property (id. § 236 [B] [1] [c]). As relevant here, separate property includes "property acquired before marriage . . ." (id. § 236 [B] [1] [d] [1]) and "property acquired in exchange for or the increase in value of separate property, except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse" (id. § 236 [B] [1] [d] [3]).
Marital property "should be 'construed broadly,'" and separate property
"should be construed 'narrowly'" (Fields v Fields, 15 NY3d 158, 162-163 [2010], quoting Price v Price, 69 NY2d 8, 15 [1986]). The Domestic Relations Law "creates a statutory presumption that 'all property, unless clearly separate, is deemed marital property' and the burden rests with the titled spouse to rebut that presumption" (id. at 163, quoting DeJesus v DeJesus, 90 NY2d 643, 652 [1997]). That presumption reflects the legislature's "unmistakable intent to provide each spouse with a fair share of things of value that each helped to create and expects to enjoy at a future date" (DeLuca v DeLuca, 97 NY2d 139, 144 [2001], citing DeJesus, 90 NY2d 643).
In Majauskas v Majauskas, we held that vested pension rights "are marital property to the extent that they were acquired between the date of the marriage and the commencement of a matrimonial action" (61 NY2d 481, 485-486 [1984]). We reasoned that a pension right is marital property because it is received "in lieu of higher compensation which would otherwise have enhanced either marital assets or the marital standard of living" (id. at 491-492), in other words, that a pension "is a form of deferred compensation" (Olivo v Olivo, 82 NY2d 202, 207 [1993], citing Majauskas, 61 NY2d at 491-492). In the years since Majauskas, we have consistently held that pension rights attributable to work during marriage are marital property (id. at 210; Burns v Burns, 84 NY2d 369, 376 [1994]; DeLuca, 97 NY2d at 145).
The pension rights at issue in this case differ from the benefits addressed in our prior caselaw. As we recognized in Majauskas, an employee's pension rights generally accrue incrementally over time (61 NY2d at 490). The accrual of those rights is tied to the employee's service but may also require a financial contribution from the employee. Usually, where that is the case, the employee works and pays into the plan at the same time.
Here, however, the parties made a financial contribution during the marriage to transform premarital service into pension rights. When Mr. Szypula left the Navy, the nine years of pension credits he accrued before marriage were his separate property, but they did not entitle him to any pension benefits. He had, instead, an opportunity to [*3]make a payment to acquire up to eleven years of pension rights, provided that he later took a job whose pension plan allowed for the credits to be used to augment its value.[FN3]
Mr. and Ms. Szypula used marital funds to convert those eleven years of Navy service, including the nine years he worked prior to marriage, into additional value to Mr. Szypula's Foreign Service pension. The pension rights at issue in this case are therefore the product of both his pre-marriage service and the Szypulas' contribution of marital assets.
Separate property that is commingled with marital property presumptively becomes marital property (see Fields, 15 NY3d at 167; see also Weiss v Nelson, 196 AD3d 722, 725 [2d Dept 2021] ["Separate property that is commingled with marital property loses its separate character, and here, the plaintiff failed to overcome the presumption that her commingled separate property was converted to marital property"]; Bailey v Bailey, 48 AD3d 1123, 1124 [4th Dept 2008] [holding that the defendant failed "to rebut the presumption that (commingled funds) were marital property"]; Judson v Judson, 255 AD2d 656, 657 [3d Dept 1998] ["(O)nce separate property is commingled with marital funds it becomes marital property"]; Pullman v Pullman, 176 AD2d 113, 114 [1st Dept 1991] ["[T]here is a presumption that assets commingled with other property acquired during the course of the marriage are marital property"]).
Although Mr. Szypula's pre-marriage military service may have had some appreciable though contingent value as separate property, by combining it with marital funds the Szypulas transformed the pension credits from separate property into marital property. Mr. Szypula acquired the eleven years of pension rights only by entering qualifying federal employment and paying to incorporate his Navy pension credits into his new pension. Those credits are thus distinct from unvested pension credits that vest so long as an employee continues to work for the same employer (cf. Burns, 84 NY2d at 377). The use of marital funds to "buy back" Mr. Szypula's Naval service created the pension entitlement he has today, at least in part. The pension rights at issue here are therefore marital property.
Our decision recognizes that marriage is an economic partnership in which each spouse is entitled to share in "things of value arising out of the marital relationship" (O'Brien v O'Brien, 66 NY2d 576, 583 [1985]). Had the Szypulas chosen to use their marital funds to invest in a home or a financial investment rather than to purchase pension rights, Ms. Szypula would be entitled to share in the asset, not just to recover half the purchase price. That Mr. and Ms. Szypula were entitled to invest in Mr. Szypula's pension only because of his prior military service does not change the outcome: the investment was an investment of marital property, and the resulting asset is marital.
III
Although courts may award a spouse credit for the value of separate property used to create a marital asset, the entirety of the asset is deemed marital (Fields, 15 NY3d at 166). In situations where a marital asset was acquired in part with separate property funds, "courts have usually given the spouse who made the separate property contribution a credit for such payment before determining how to equitably distribute the remaining value of the asset" (id. at 168; see also Traut v Traut, 181 AD2d 671, 671 [2d Dept 1992]; Lolli-Ghetti v Lolli-Ghetti, 165 AD2d 426, 432 [1st Dept 1991]). The burden is on the spouse claiming recapture of a separate property contribution to prove that contribution's value (see Kaufman v Kaufman, 189 AD3d 31, 64 [2d Dept 2020]). The Foreign Service pension rights attributable to Mr. Szypula's nine years of premarital service are marital property in their entirety. Here, the record is not sufficient to determine the value of Mr. Szypula's inchoate Navy pension credits at the time he contributed them to create a marital asset. On remittal, Mr. Szypula may make a claim for the value of that separate property.
It also bears note that marital property need not be distributed 50/50 (see Fields, 15 NY3d at 170; see also Valitutto v Valitutto, 137 AD3d 1526, 1528 [3d Dept 2016] [affirming a 70/30 distribution of a pension]; Auriemmo v Auriemmo, 87 AD3d 1090, 1091 [2d Dept 2011] [affirming a 55/45 distribution of a pension]). In making an equitable distribution of marital property, the court must consider a wide range of factors (Domestic Relations Law § 236 [B] [5] [d]). As we explained in DeLuca, "under the broad interpretation given marital property, formalized [*4]concepts such as 'vesting' and 'maturity' are not determinative," but "they do affect valuation and distribution" (97 NY2d at 144, 146).
It is the responsibility of the trial court to equitably distribute marital property in the first instance (Majauskas, 61 NY2d at 493). That fact intensive determination requires a detailed and wide-ranging understanding of the marriage and the situation of each individual spouse. Our decision, in contrast, is limited to addressing the legal question of whether the pension rights at issue here are marital property and therefore subject to equitable distribution on remittal, based on "the circumstances of the case and of the respective parties" (Domestic Relations Law § 236 [B] [5] [c]).
IV
The pension credits at issue here became marital property when Mr. and Ms. Szypula used marital funds to transform them into pension rights, commingling separate property with marital property. Accordingly, the amended judgment appealed from and Appellate Division order brought up for review should be reversed, with costs, and the case remitted to Supreme Court for further proceedings in accordance with this opinion.
Amended judgment appealed from and Appellate Division order brought up for review reversed, with costs, and case remitted to Supreme Court, Tompkins County, for further proceedings in accordance with the opinion herein. Opinion by Chief Judge Wilson. Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.
Decided October 22, 2024

Footnotes

Footnote 1: Mr. Szypula does not dispute that the portion of the pension attributable to his Navy service during the marriage (approximately two and a half years) is marital property. Supreme Court calculated that the total of the payments to "buy back" Mr. Szypula's premarital Navy service (approximately nine years) was $7049.46.

Footnote 2: The parties have not raised any issue relating to valuation of the portion of Mr. Szypula's pension based on his Foreign Service employment that postdated the commencement of divorce proceedings, and we express no opinion thereon.

Footnote 3: Mr. Szypula might also have become entitled to a Navy pension based on his service had he returned to the Navy, but he did not do so.