LINDA E. SNOW, Appellant, v JERRY E. SNOW, Respondent. [788 NYS2d 435]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Coccoma, J.), entered September 19, 2003 in Otsego County, ordering, inter alia, equitable distribution of the parties' marital property, upon a decision of the court.

The parties were married in 1978 and separated in 1987. They have three children, born in 1981, 1985 and 1986, who defendant has allegedly failed to either visit or support for several years, resulting in child support arrears of approximately $15,500 as of April 28, 2003. Plaintiff commenced this action for

divorce on the ground of abandonment in April 2003. The parties ultimately entered into an "opting out" agreement providing that defendant would withdraw his answer and allow plaintiff to proceed with the divorce and that Supreme Court would determine the issues of equitable distribution, child support and counsel fees upon the submissions of the parties. Subsequently, Supreme Court entered a judgment of divorce incorporating the opting out agreement, as well as the court's decision and order distributing the parties' sole marital asset—plaintiff's pension—equally between them, reducing defendant's child support obligation to $25 per month and establishing child support arrears of $15,532.52. Plaintiff now appeals from the judgment.

Initially, we agree with defendant that Supreme Court properly set defendant's child support obligation at $25 per month. Supreme Court may not impose a child support obligation that will reduce a noncustodial parent's income below the federal poverty level (see Domestic Relations Law § 240 [1-b] [d]). It is undisputed that defendant is unable to work due to a medical condition, has no assets and that his annual income—derived from Social Security—amounted to $6,900 in 2003, well below the federal poverty income guideline of $8,980 (see 68 Fed Reg 6456 [2003]). Thus, the basic child support obligation of $25 per month must be imposed (see Domestic Relations Law § 240 [1-b] [d]).

With respect to the equitable distribution of the sole marital asset, however, we agree with plaintiff that Supreme Court erred in failing to "set forth the factors it considered and the reasons for its decision" (Domestic Relations Law § 236 [B] [5] [g]; see Ciaffone v Ciaffone, 228 AD2d 949, 950 [1996]). Although the factors "do not have to be specifically cited when the factual findings of the court otherwise adequately articulate that the relevant statutory factors were considered" (Rosenkranse v Rosenkranse, 290 AD2d 685, 686 [2002]), the record does not reflect which, if any, of the factors Supreme Court considered in determining that the pension benefit acquired during the marriage and prior to the commencement of this action should be distributed equally between the parties. Nor does the record on appeal provide a basis for informed review permitting us to substitute a discretionary determination for that of Supreme Court inasmuch as the parties failed to establish the present value of the pension, a timetable and manner of distribution to plaintiff, or provision for the payment of taxes on the distribution (see DeSantis v DeSantis, 205 AD2d 928, 929-930 [1994]; cf. Chasin v Chasin, 182 AD2d 862, 864 [1992]). Accordingly, this

matter must be remitted to Supreme Court for a redistribution of the parties' marital property. In this regard, we note that "[t]he distribution, based on the factors enumerated in the statute (Domestic Relations Law § 236 [B] [5] [d]), must be equitable, not merely a 50/50 split of assets" (*Sarafian v Sarafian,* 140 AD2d 801, 804 [1988]) and Supreme Court should take into consideration such factors as the appropriateness of an offset of support arrears against any award of marital property, defendant's direct or indirect contribution to the acquisition of the pension and his alleged failure to support the family from early in the marriage (*see Bittner v Bittner,* 296 AD2d 516, 518 [2002]; *Teabout v Teabout,* 269 AD2d 719, 720 [2000]; *Matwijczuk v Matwijczuk,* 261 AD2d 784, 787-788 [1999]).

Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as distributed the parties' marital property; matter remitted to the Supreme Court for a redetermination of the equitable distribution of the parties' marital property; and, as so modified, affirmed.